## JOHN SHELTON ET AL. *v.* THE STATE.

The 381st article of the Penal Code defines an affray as follows: " If any two or more persons shall fight together in a public place, they shall be punished by fine not exceeding $100." (Paschal's Dig., Art. 2011, Note 634.) It is sufficient that the indictment charge that the defendant fought in a public place.

The indictment need not describe the public place; that is a matter of proof.

Where the defendant was indicted for an affray, and plead guilty, he will not be heard to complain of the indictment.

APPEAL from Tarrant.   The case was tried before Hon. ROBERT W. SCOTT, one of the district judges.

The indictment followed the language of the statute. The defendant plead guilty, but afterwards appealed.

No briefs have been furnished to the *Reporter.*

LINDSAY, J.—We can see no defect in the indictment in this case. If any two or more persons shall fight together in a public place, by our statute, it constitutes an affray, or an offense, for which they are punishable by fine. The indictment charges that the appellant did so fight with one Coots in a public place. That simple allegation is sufficient to meet the requirement of the statute. It is true, the statute does define what is intended to be a public place within the meaning of the law. But this is altogether a matter of evidence, and the state must· show in sustaining the charge that the fighting was in a public place. The appellant, in pleading guilty, furnished the proof to the state in this case.

This court will not, therefore, disturb the judgment and verdict of the court below. It is

                                        AFFIRMED.