## EUKE LUCAS v. THE STATE

*No. 423.   Decided May 2.*

**Horse Theft—Permanent Appropriation.**—An unlawful use ot another's horse, while a trespass subjecting the party to prosecution for a misdemeanor, is not theft where the evidence shows that the taking of the horse from his range was for the purpose of riding him to town to catch a train, and that after reaching town defendant turned him loose.   *Held,* there is no permanent appropriation nor intent to deprive the owner of the value of the horse shown.

APPEAL from the District Court of Floyd. . Tried below before Hon. W. R. McGILL.

This appeal is from a conviction for theft of a horse, the property of one W. O. Menifee.   At the trial appellant was convicted, and his punishment assessed at imprisonment in the penitentiary for two years.

The case is sufficiently stated in the opinion.

Defendant's special requested instruction, which the court refused to give, was as follows: "To constitute theft, there must be an intent to appropriate the property stolen to the permanent use and benefit of the defendant, and this intent must exist at the very time the property was taken."

*J. B. Bartley* and *W. C. Henderson,* for appellant —The court erred in not giving the special instruction asked by defendant.   Loza v. The State, 1 Texas Crim. App., 491; Schultz v. The State, 30 Texas Crim. App., 94.

*R. L. Henry,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The horse alleged to have been stolen was taken from its accustomed range, in Floyd County, at night, on the 7th of the month.   This horse was ridden to the rear of a saloon in the town of Childress, Childress County, and hitched there.   He was very much fatigued from hard riding.   Near the horse stood defendant and one Thomas.   These parties went into the saloon and shortly returned to where the horse was standing, and together they unsaddled and led him away.   Though searched for, the horse was not seen until the next morning, when he was found about three-quarters of a mile distant, running loose upon the range.   Thomas owned the saddle and other things taken from the horse, and these were shipped to him in Kentucky.   Thomas and defendant took the early train on the morning of the 8th, and had no further connection with the horse.   Defendant was arrested at Mansfield, to which point he had gone in pursuance of a contract to engage in working on a bridge.   This he stated before leaving Childress.

This evidence does not constitute a case of theft. There was no intent to defraud the owner or to appropriate the animal. If defendant had the possession of the horse and took him from the range, either in person or as a principal with Thomas, and rode him to Childress, he could be convicted of the misdemeanor for using the animal without the consent of the owner, but not for theft. If the defendant rode the horse, which we are not prepared to believe from the evidence in the record, he did so for the purpose of reaching the railroad en route to fill his contract at Mansfield. This does not constitute theft. Berg v. The State, 2 Texas Crim. App., 148.

There are several questions raised by counsel, but under the view we take of this case it is deemed unnecessary to discuss them.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.