## G. EILERS v. THE STATE.

*No. 585.   Decided April 20.*

**Embezzlement—Criminal Intent Essential.—**On a trial for embezzlement, the evidence showed that defendant was employed to collect accounts, receive one-half of amounts collected, and pay the costs of collection. Defendant collected $6.85, and applied one-half of it to payment of court costs, and refused to account to prosecutor for balance, and the evidence showed prosecutor had collected $45, a part of same ac-

counts, and had not accounted to defendant for his share. *Held*, the conviction is not sustained. There must be a fraudulent intent connected with the conversion of money in order to constitute embezzlement.

APPEAL from the County Court of Lavaca. Tried below before Hon. P. H. GREEN, County Judge.

Appellant was convicted of embezzlement of an amount under the value of $20, and his punishment assessed at a fine of $1 and confinement in the county jail for one hour.

The opinion states the facts.

*Bagby & Son,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of embezzling $6.85 in money belonging to T. H. Pulliam. Pulliam employed appellant to collect about $5000 of old store accounts, and agreed to give him one-half of the collections. Appellant agreed to pay costs of collections, and on this line there was an issue as to whether court costs were included. The testimony left this in doubt. The accounts were turned over to appellant, and some collections were made and suits brought. Pulliam also collected some of the debts, and each seemed to have retained collections made by himself. Neither accounted to the other for any of the amounts collected, and there had been no settlement between them. The money alleged to have been converted was collected by appellant from one Creswell. Under appellant's view of the responsibility of Pulliam for the court costs, he paid Pulliam's half of the $6.85 to a justice of the peace, in the way of costs on some suits brought by him for Pulliam to force collection of said accounts. These cost bills amounted to $12 or $15, as shown by the evidence of the justice of the peace. Under this state of case, we do not think an embezzlement was shown. The testimony fails to disclose any fraudulent intent or conversion. If it be admitted that $3.42½ of the $6.85 paid the justice was Pulliam's, and appellant had agreed to pay all such costs, yet Pulliam had collected some of the accounts, amounting to not less than $45 or more, and had not accounted to appellant for his half of such collections; and it would be but fair that appellant should apply moneys coming into his hands by reason of such collections to the payment of these amounts due him by Pulliam. There must be a fraudulent intent connected with the conversion of money in order to constitute embezzlement. We do not think this shown in this case, wherefore the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.