## JACK P. TAYLOR v. THE STATE.

### No. 3462.   Decided October 31, 1906.

**1.—Theft—Bailee—Conversation.**

Upon a trial for theft where the evidence showed that defendant was a bailee of the owner of the alleged stolen ring, which the defendant had pawned and not redeemed, it was error not to admit the explanation of defendant why he had not redeemed the ring, it being a part of the same conversation which had been admitted in evidence.

**2.—Same—Evidence—Conversion—Fraud.**

Upon trial for theft where the evidence showed that defendant had pawned a ring of the alleged owner and had not redeemed it, it was error not to permit testimony to show that he had been enveigled into a card game, and had staked the ring for money he borrowed upon it; that the whole transaction was illegal; that he was only using the ring temporarily and intended to redeem it, and that after finding out that he was buncoed he changed his mind as to redeeming it; and that there was no fraud in his mind at the time of the conversion or taking.

**3.—Temporary Use—Fraudulent Intent—Permanent Appropriation—Charge of Court.**

Upon a trial for theft of a ring by a bailee where the evidence showed that the defendant pawned the ring and claimed that he had been inveigled into a game of cards; that he first intended to redeem the ring but changed his mind to do so, claiming that he had been buncoed, etc., and that he only intended to use the ring temporarily, having borrowed the same from the owner, the court should have charged on this phase of the evidence, as a fraudulent intent to permanently appropriate said ring at the time of the taking or conversion must have existed to sustain a conviction.

Appeal from the District Court of El Paso. Tried below before the Hon. James R. Harper.

Appeal from a conviction of theft by bailee; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Z. L. Cobb*, for appellant.—On question of temporary appropriation: Johnson v. State, 36 Texas Crim. Rep., 395; Wilson v. State, 18 Texas Crim. App., 270; Lucas v. State, 26 S. W. Rep., 213; Schultz v. State, 16 S. W. Rep., 756.

*J. E. Yantis*, Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with theft as bailee. The facts show that he borrowed a diamond ring from Acton, a railroad conductor. Later he pawned it to Tuley, a bar-tender. The facts show practically two transactions. In the first, appellant borrowed $20 from Tuley, and about an hour or such a matter thereafter he borrowed an additional $80. Tuley testified in behalf of the State, that appellant at the time he borrowed the $20 on the ring, stated that he would redeem it at 7 o'clock. The particular hour appellant borrowed the money is not stated. However, it is stated that about

6 o'clock he secured the second loan. Inferentially it may be concluded from the facts that the first borrowing was an hour or so before the second transaction. Appellant did not redeem the ring. Within a few hours after appellant had borrowed the ring from Acton, Acton left El Paso on his run as conductor on the train, and went to Tucson, Arizona, and was absent about two days. On his return he sought and found appellant at the St. Regis Hotel, and inquired for his ring. Appellant informed Acton that it was at the Pullman saloon, where he had pawned it. Acton went at once to the saloon and found the ring in the possession of Tuley, and recovered it. All of this evidence was introduced by the State. Appellant offered the remainder of the conversation occurring between himself and Acton at the St. Regis Hotel, which, on objection by the State, was excluded. The testimony would have shown that appellant told Acton, as a part of the conversation that when he pawned the ring he intended to redeem it; that he was able to do so, but that he had been "buncoed" by the two Dwyers brothers and Tuley, and Acton replied that he (appellant) had been up against a bunco game, and that he was right. There are other statements made at the time more in detail as to the acts of the Dwyers and Tuley, all of which were excluded by the court, with the statement that it was no defense to this prosecution even if true. We believe that this evidence should have been admitted. It is a statutory provision of this State that where a part of a conversation is elicited, the whole of it is admissible, if it relates to the matter first elicited or is explanatory of it. Under the facts Acton had called appellant to account for not returning his ring. The State proved appellant's reply, to the effect that he had pawned it. The explanation why he had pawned and not redeemed the ring was a part of the same conversation and explanatory of his reasons for not redeeming it. The State was relying on appellant's failure to redeem the ring as evidence of fraud and of permanent appropriation. Tuley testified that at the time appellant received the money on the ring, he had stated that he would redeem it. When challenged by Acton as to the disposition of the ring, which involved within itself a charge of unlawfully withholding property or disposing of it, his explanation was used in part by the State and permitted to go to the jury. It would seem that it would be a clear violation of the statute not to have permitted the entire conversation bearing upon the subject matter and explanatory of it.

Appellant further proposed to prove in substance that Tuley and the Dwyers had "buncoed" him in a game of cards in the Pullman saloon, and that he had been inveigled into the bunco-game by one or both of the Dwyers, and that the Dwyers and Tuley were acting in concert. We deem it unnecessary to go into a detail of these statements and representations by the Dwyers and the manner of inducing appellant into the game. We believe that this should have gone to the jury. It was in support of the statement or reason for changing his mind in regard to the redemption of the ring. We understand that in the

fraudulent transaction of theft, or embezzlement or conversion, if the fraud does not exist in the mind of the taker or the party converting the property at the time of the taking or the conversion, no subsequent fraudulent design could relate back and make the original act fraudulent. This was in line with appellant's theory of defense and his statement both to Tuley and Acton that he was using the ring only temporarily and intended to redeem it shortly. If he changed his mind on account of being "buncoed" this would not relate back and make his original act fraudulent. The fraud must be in the mind of the appellant and the intent to defraud must exist at the time of the taking or conversion, and here the case was one of conversion.

Another proposition is involved and urged as error. The court failed to charge the jury in regard to the temporary use of the ring, and refused special instructions requested in regard to this phase of the law, as suggested by the evidence. We think this proposition is sound under the facts of this case. Wilson v. State, 18 Texas Crim. App., 270; Shultze v. State, 30 Texas Crim. App., 94; Lucas v. State, 33 Texas Crim. Rep., 290. This is a case of conversion by bailee, under the State's contention, and not a theft under the general statute. Where the State seeks a conviction, whether under the general statute of theft or under that making the conversion by bailee theft, the fraudulent appropriation and the intent to deprive the owner of the property must exist at the time of the taking, or at the time of the conversion as before stated. Under the general statute the fraudulent intent is co-existent with the taking. Under the statute in regard to conversion by the bailee, it must coincide with the act of conversion. Under both statutes the fraudulent intent to appropriate permanently must necessarily exist. If appellant borrowed the money on the ring with the intent and purpose to redeem the ring, this would seem to exclude the idea of a fraudulent intent to permanently deprive the owner of the property, if not of a fraudulent intent altogether. This was the State's case and fully entitled the accused to a charge of acquittal if such was the fact; and this also, though appellant may have changed his mind thereafter on account of being "buncoed" in the game of craps by Tuley and the Dwyers. The temporary appropriation or use of the property in the hands of a bailee, without the intent to permanently appropriate it, would not constitute theft. The facts are here which suggest this theory, and the charge should have been given to the jury. Of course, it would be an undeniable proposition that the crime of theft by bailee is one hinging upon the intent of the party charged to be guilty, and this fraudulent intent and appropriation means permanency. For a further discussion of this question, see Cannon v. State, 38 Texas Crim. Rep., 322; Eilers v. State, 34 Texas Crim. Rep., 344; Harris v. State, 34 S. W. Rep., 922; Stallings v. State, 29 Texas Crim. App., 220. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*