## E. KARCHMER v. THE STATE.

### No. 833. Decided February 8, 1911.

**City Charter and Ordinance—City Court—Evidence—Junk Dealers.**

State courts will not take judicial knowledge of city ordinances, and upon trial in the County Court, upon appeal from the City Court of violating a city ordinance r gulating junk dealers, it was reversible error to take judicial notice of such ordinance and dispense with the proof of same. Following Wilson v. State, 16 Texas Crim. App., 501, and other cases.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of violating a city ordinance regulating junk dealers; penalty, a fine of $105.

The opinion states the case.

*Israel Dreeben,* for appellant.—Upon the question of the State's failure to introduce in evidence the city ordinance regulating junk dealers: International & G. N. Ry. v. Hall, 35 Texas Civ. App., 545, 81 S. W. Rep., 82; Starks v. State, 38 Texas Crim. Rep., 233; Wilson v. State, 16 Texas Crim. App., 497; Hailes v. State, 9 Texas Crim. App., 170; Temple v. State, 15 Texas Crim. App., 304; 7 Ency. of Ev., pp. 1023 and 1025.

*C. E. Lane,* Assistant Attorney-General, for the State.

*J. J. Collins* and *Lee Richardson,* for the City of Dallas.—A municipal ordinance within the territory of the city is a public statute, and in criminal prosecutions it is not necessary under the laws of Texas to allege or prove the same. Corporation Court Act 1899; Solomon v. Hughes, 24 Kan., 211; Downing v. Miltonvale, 36 Kan., 740; Moundsville v. Velton, 35 W. Va., 217; McQuillans' Municipal Ordinances, sec. 385, p. 591; Dillon on Municipal Corporations, sec. 308; New Orleans Waterworks v. New Orleans, 164 U. S., 471; Grand Ave. Ry. Co. v. Citizens Ry. Co., 148 Mo., 665; Walla Walla v. Walla Walla Waterworks, 172 U. S., 1; Des Moines Gas Co. v. Des Moines, 44 Ia., 505.

HARPER, JUDGE.—In this case appellant was charged by complaint in the City Court of Dallas with violating a city ordinance, an ordinance regulating junk dealers. He was convicted, and on appeal

to the County Court he was again adjudged guilty, and his fine assessed at $105, from which judgment he has appealed to this court.

In appellant's bill of exceptions No. 4 is raised the question of whether or not on a trial in the County Court it was necessary to introduce the ordinance in evidence. The ordinance does not appear in the record, either in the pleadings or the statement of facts, and the judge trying the cause, in approving the bill of exception, states that it was not introduced in evidence, but the case having originated in the City Court, he did not deem it necessary.

Whether, when a case originates in the City Court, and is appealed to a State Court, the State Court will take judicial notice of municipal ordinances, the authorities seem to be in conflict. But the rule adopted in our State, and the better rule, we think, is that the State Court will not take judicial notice of city ordinances, but where they are relied on they must be introduced in evidence. This case aptly illustrates the necessity for the introduction of the ordinance in evidence. Appellant contends that the ordinance under which he is prosecuted is unconstitutional. How are we to pass on its constitutionality without reading it? How is it to reach us if not made part of the record? Every time the constitutionality of an ordinance is raised, shall we adjourn court and go to the city and ask the city secretary to show it to us, and if not, how are we to obtain it?

In Wilson v. State, 16 Texas Crim. App., 497, Judge Hurt, in passing on this question, says: "It (the charge) assumes the existence of a city ordinance requiring all penal offenses to be published ten days before their enforcement. In this the court erred. Courts do not take judicial cognizance of special Acts or laws."

Chief Justice Gaines, in the case of City of Austin v. Walton, 68 Texas, 507, holds: "The courts do not take judicial knowledge of the ordinances of municipal corporations. They stand upon the same footing as private and special statutes, the laws of other states and of foreign countries, and must be averred and proved like other facts," citing Green v. Indianapolis, 22 Indiana, 192; People v. The Mayor, 7 How. Pr., 81; Harker v. The Mayor, 17 Wend., 199.

In the Cyclopedia of Law the rule is thus laid down in the text: "While the power of municipalities to pass ordinances or by-laws is judicially noticed by the courts within the State, the ordinances or by-laws themselves are not judicially known to courts having no special function to enforce them," citing many authorities. State courts will not take judicial knowledge of city ordinances.

The other questions raised we do not pass on, the ordinance not being before us.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*