### CURBY WHITE v. THE STATE.

#### No. 4663.   Decided November 28, 1917.

**1.—Speeding—Allegations—Proof.**

Where, upon trial of unlawfully speeding an automobile on a street in a city, the information alleged that this was upon a certain street, the allegation, although unnecessary, must be proved.

**2.—Same—Evidence—Bias—Interest of Witness.**

Upon trial of unlawfully speeding on a street in a city, defendant should have been permitted on cross-examination to prove that the State's main witness was employed by the officers of the city and the county for apprehending speeders for which 'he expected to be paid, to show his bias, interest, and prejudice in the matter.

**3.—Same—Evidence—Speedometer—Hearsay.**

Upon trial of unlawfully speeding an automobile, there was no error in admitting testimony as to the rate of speed of the automobile indicated by the speedometer, as this was not hearsay.

**4.—Same—City Ordinance—Evidence—Judicial Knowledge.**

Courts can not take judicial knowledge that any city has a given ordinance, and such ordinance must be proved properly as any other fact and it was error to permit the county attorney in his argument to tell the jury such an ordinance had been passed by the city council, or to so charge the jury. Following Karchmer v. State, 61 Texas Crim. Rep., 221, and other cases.

Appeal from the County Court of Hill.   Tried below before the Hon. R. T. Burns.

Appeal from a conviction of unlawfully speeding an automobile on the street of a city; penalty, a fine of five dollars.

The opinion states the case.

*Wear & Frazier,* for appellant.—On question of insufficient evidence: Robinson v. State, 58 Texas Crim. Rep., 553, 132 S. W. Rep., 944.

On question of impeaching witness:   Mason v. State, 7 Texas Crim. App., 623; Lyon v. State, 42 Texas Crim. Rep., 506.

On question of hearsay:   Hazelwood v. State, 186 S. W. Rep., 202.

On question of proof of ordinance:   Temple v. State, 15 Texas Crim. App., 304.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of unlawfully speeding in the City of Hillsboro under article 815, P. C., and assessed the lowest punishment.

The information alleged that appellant on or about March 22, 1916, unlawfully drove and operated an automobile at a greater rate of speed than fifteen miles per hour upon East Elm Street, a public street there situated, the said street not being a race course or speedway, and was in the built-up portion of the City of Hillsboro, and within the corporate limits thereof.

While it was unnecessary to allege upon what particular street in the corporate limits of Hillsboro appellant so unlawfully ran and operated his automobile, yet as the pleader alleged that it was upon East Elm Street it was necessary to prove that it was upon this particular street. See authorities collated in 2 Vernon's Crim. Stats., p. 199, note 2.

Robert Erwin was the State's main witness and he testified that appellant ran his machine at an unlawful rate of speed as alleged. The court should have permitted appellant, on cross-examination, to prove by him if he could that he was employed by the City Council or County Attorney to follow automobiles for the purpose of ascertaining whether they were running at an unlawful speed and for each person that was arrested and convicted, and he would swear they were traveling at a greater rate of speed than fifteen miles per hour he would be paid, and expected to be paid, a sum of money in each case where conviction was obtained. This was a legitimate subject of cross-examination of him. If he had so testified it might have affected his testimony. It is always permissible to prove any material fact which would go to show bias, interest, prejudice or any other mental status of a witness which, fairly construed, might tend to affect his credibility or the weight of his testimony: 1 Branch's Ann. P. C., sec. 163. It mgiht be as appellant was assessed the lowest punishment and there was no controverting testimony as to the rate of speed he ran his machine, this error might not be of such material effect as to require a reversal, but the cross-examination of said witness on the point indicated was admissible

The testimony of said witness Erwin was not hearsay. While the cross-examination of him may have shown that he relied upon the rate of speed indicated by a speedometer this would not make his testimony hearsay. Taking his testimony as a whole it clearly was not hearsay.

The court erred in charging the jury, among other things, that "the City of Hillsboro has, by ordinance, fixed the speed limit by her municipal officers at a rate not greater than fifteen miles an hour within the built-up portion of said city." The bill and record show that there was no testimony at all proving, or tending to prove, that the City of Hillsboro had passed any such an ordinance. The courts can not take judicial notice that any city has any given ordinance. Such ordinances must be proved properly as any other fact. Karchman v. State, 61 Texas Crim. Rep., 221, and authorities there cited; Wilson v. State, 16 Texas Crim. App., 497; Lawrence v. State, 2 Texas Crim. App., 479. And, of course, under the circumstances, it was error for the County Attorney in his argument to tell the jury such an ordinance had been passed by the City of Hillsboro.

For the errors above pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*