# NOVEMBER, 1919.

### V. Terreto v. The State.

No. 5093. · Decided June 26, 1918.

Rehearing granted November 13, 1918.

Reached the reporter November, 1919.

1.—Selling Intoxicating Liquor—Constitutional Law—City Ordinance—Rule Stated.

When authorized by its charter, a municipal corporation may, by ordinance duly enacted, designate the localities within its corporate limits, wherein the sale of intoxicating liquor licensed under the law of the state may be sold, and making it unlawful to sell elsewhere within the bounds of the city. Following: Ex parte Abrams, 57 Texas Crim. Rep., 65, and other cases. Distinguishing: Lyle v. State, 80 Texas Crim. Rep., 606, 193 S. W. Rep., 680.

2.—Same—Plea of Guilty—Sufficiency of the Evidence—City Ordinance.

Where, upon trial of selling intoxicating liquors outside of the boundaries fixed by the city ordinance, as fully described in the indictment, the defendant pleaded guilty and there being evidence that he had sold intoxicating liquors in said city he is not in position to complain that the evidence as to where he sold the liquor in said city was not sufficiently specific, by failure to prove said ordinance, to show his guilt, although the rule would require such proof in pleas of not guilty. Following Doans v. State, 36 Texas Crim. Rep., 468, and other cases.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson, judge.

Appeal from a conviction of selling intoxicating liquors outside of the boundaries fixed by city ordinance; penalty one year imprisonment in the penitentiary. ·

The opinion states the case.

*C. C. Highsmith,* for appellant.—On question of plea of guilty: Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Meeking v. State, 67 Texas Crim. Rep., 69, 309; Harris v. State, 172 S. W. Rep., 975; Jackson v. State, 43 Texas Crim. Rep., 260.

On unconstitutionality of ordinance: Lyle v. State, 80 Texas Crim. Rep., 606, 193 S. W. Rep., 680., Jannin v. State, 51 S. W. Rep., 1126; Karchmer v. State, 61 Texas Crim. Rep., 221, 134 S. W. Rep., 700.

*E. B. Hendricks,* Assistant Attorney General for the State.

MORROW, Judge.—Appellant was convicted of a felony in the alleged violation of Article 630a of the Penal Code, which denounces as a felony the sale of intoxicating liquors in a city or town outside of

the limits fixed in said city or town in which intoxicating liquors may be sold.

The allegation in the indictment is that appellant sold intoxicating liquors in the City of Houston. That said city had prescribed certain localities in which such sales were made unlawful. The particular transaction is charged to have taken place at 918 Bayou Street.

From the statement of facts it appears that appellant sold liquors at his place of business in the City of Houston located on the corner of Bayou and Liberty Street. There is no further proof as to the location of the building in which the sale was made. In other words, there is no specific proof that the sale was made at 918 Bayou Street, the place designated in the indictment. We find no proof of the allegation contained in the indictment charging that the City of Houston had passed an ordinance fixing the saloon limits. The alleged ordinance and the manner of its adoption is set out quite fully in the indictment but there appears to have been a failure to prove the fact thus alleged.

The courts have no judicial knowledge of the existence of city ordinances nor their terms, and where they enter into a transaction proof of them is essential. This is declared by this court in Wilson v. State, 16 Texas Crim. Rep., 497, in an opinion written by Judge Hurt, and by the Supreme Court of this State in Austin v. Walton, 68 Texas, 509, in an opinion written by Judge Gaines. These opinions are based upon the general rule of evidence as is indicated by the citation of authorities in the cases mentioned. This rule has been applied also in the case of Karchmer v. State, 61 Texas Crim. Rep., 221, 134 S. W. Rep., 700, and the case of White v. State, 82 Texas Crim. Rep., 274, 198 S. W. Rep., 964.

When authorized by its charter a municipal corporation may, by ordinance duly enacted, designate the localities within its corporate limits wherein the sale of intoxicating liquor licensed under the State laws may be sold, and making it unlawful to sell elsewhere within the bounds of the city. This has frequently been held a legitimate exercise of municipal authority and one not inhibited by any of the provisions of our Constitution. Ex parte Abrams, 56 Texas Crim. Rep., 465; Ex parte King. 52 Texas Crim. Rep., 383; Williams v. State, 52 Texas Crim. Rep., 371; Garonzik v. State, 50 Texas Crim. Rep., 533; Cohn v. Rice; 101 S. W. Rep., 1052; Andreas v. Beaumont, 113 S. W. Rep., 614. We find nothing in Lyle v. State, 80 Texas Crim. Rep., 606, 193 S. W. Rep., 680, opposed to this principle. On the contrary, the court in rendering that opinion expressly recognized the legislative authority to grant to municipal corporations local selfgovernment not in conflict with the laws or Constitution of the State. This declaration was made with full cognizance of the fact that municipal ordinances fixing saloon limits have been frequently upheld. Such limits being lawfully defined by ordinances

enacted with the sanction of the Legislature, we are aware of no provisions of the Constitution restricting the power of the Legislature to prescribe a penalty for the refusal to observe the regulation mentioned. See Ex parte Hollingsworth, recently decided. Also Le Gois v. State, 190 S. W. 724. Assuming the existence of the authority under its charter, the City of Houston had, in our opinion, power to pass the ordinance set out in the indictment and the Legislature had the power to enforce the observance of the ordinance by the enactment of the statute in question.

For the insufficiency of the proof pointed out, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING.

## November 13, 1918.

MORROW, JUDGE.—The judgment herein was reversed at a previous term of this court. The State filed within due time a motion for rehearing. The reversal was on account of the insufficiency of the evidence.

Attention is called to the fact that the case was tried upon a plea of guilty regularly entered with the formalities and under circumstances required by the statute. The penalty for the offense charged was confinement in the State penitentiary for not less than one nor more than three years. Art. 566, C. C. P., is as follows:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon."

The evidence developed on the trial showed that appellant had sold intoxicating liquor in the City of Houston and the indictment set out in detail the ordinance of the City of Houston fixing the boundaries beyond which such liquors might not be sold. The appellant having pleaded guilty to the commission of the offense and there being evidence that he had sold intoxicating liquors, we think he is not in a position to complain that the evidence was not sufficiently specific in showing his guilt.

The statute above quoted is expressly declared to be for the purpose of enabling the jury to determine the amount of his punishment. In those cases in which, even in a felony he enters a plea of guilty, it seems, may assess his punishment without evidence where the law absolutely fixes the punishment, leaving the jury no discretion as to the extent thereof. In this instance the evidence introduced was sufficient to have enabled the jury to determine that appellant on his

plea of guilty should receive the lowest punishment provided by law. Under the rule of this court in the case of Doans v. State, 36 Texas Crim. Rep., 468, Shelton v. State, 30 Texas 431; Woodall v. State, 58 Texas Crim. Rep., 513, 126 S. W. Rep., 591; Josef v. State, 26 S. W. Rep., 213, the action of this court reversing the judgment for the insufficiency of the evidence was erroneous.

Adhering to the ruling of the original opinion sustaining the validity of the ordinance set out in the indictment, the motion for rehearing is granted, the judgment reversing and remanding the cause set aside, and the judgment is now affirmed.

*Affirmed.*

---

*This case did not reach the hands of the reporter until November, 1919. (Delivered November, 1919.)*