ANDREW SIMMONS v. THE STATE.

No. 4860. Decided April 28, 1920.

1.—Assault to Murder—Declaration of Defendant—Evidence.

Where. the offered testimony with reference to the declarations of defendant while he was sharpening his knife to the effect, that defendant told the witness that if the assaulted party would give him a little time he intended to and would pay the bill. contained neither justification nor mitigation and could not affect his right of self-defense, the same was properly excluded.

2.—Same—Evidence—Bill of Exceptions.

Where the record showed on appeal, when the matter came up with reference to certain testimony by a defendant's witness, the defendant excused said witness without objection by the State, no error is presented.

3.—Same—Evidence—Self-serving Declaration.

Upon trial of assault with intent to murder, the defendant sought to testify that on the morning of the day of the assault, and before he assaulted the injured party he had a conversation with a certain merchant of the town who had refused further credit to him, and that he presumed that this was on account of what the injured party had told said merchant, etc., there was no error in excluding such testimony.

**4.—Same—District Attorney—Examination of Witness.**

While the question asked by the district attorney, if there were not a lot of people who wanted to mob the defendant for cutting the injured party, etc., was manifestly improper, but it appeared that the trial judge promptly sustained an objection thereto and defendant took no further action upon the matter by requested charge or otherwise, there was no reversible error.

**5.—Same—Charge of Court—Requested Charges—Insulting Language.**

Where the court's charge on self-defense gave defendant his unlimited right of self-defense and gave no charge on provoking the difficulty, there was no error in refusing a requested charge, that the assault by the injured party was not justified by reason of the epithet applied to him by the defendant.

**6.—Same—Charge of Court—Self-defense—Requested Charge.**

Where, upon trial of assault to murder, the court charged the jury that defendant would have the right to approach the prosecutor and endeavor to adjust any differences, and that such approach would not deprive him of any right of self-defense, there was no error in refusing a requested charge that defendant had the right to arm himself and make such approach; besides, sharpening a pocket knife and carrying it up one's sleeve is not arming one's self as contemplated by law.

**7.—Same—Rehearing—Evidence—No Part of Same Transaction.**

Where, the State had shown that in a previous conversation between defendant and the injured party, the latter had threatened to sue the former for debt, and shortly thereafter defendant was seen to sharpen his knife with which he afterwards cut said party injured, there was no error in not permitting defendant to introduce testimony on cross-examination, that, while he was sharpening his knife, he stated to the witness that if he were given a little more time by the injured party be would pay him; as this was no part of the transaction of sharpening the knife, about which the State's witness had testified.

**8.—Same—Conduct of District Attorney—Practice in District Court.**

Where, appellant complained in his motion for rehearing that this court should reverse the judgment and remand the cause because of the action of the district attorney in repeating certain questions to which the trial court finally sustained objections, but it appeared from the record that the bill of exceptions did not present reversible error, there was no error in the ruling of the court.

Appeal from the Criminal District Court of Williamson. Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of assault with intent to murder; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Wilcox & Graves,* for the appellant.—On question of refusing requested charges on self-defense: Biles v. State, 1 Texas Crim. App., 510; Riojas v. State, 9 id., 95; Stewart v. State, 77 S. W. Rep., 791; Godsoe v. State, 108 S. W. Rep., 388; Shannon v. State, 35 Texas Crim. Rep., 2; and cases in opinion.

*E. B. Hendrix,* Assistant Attorney General, for the State.—On question of conduct of District Attorney: Sweeney v. State, 65 Texas Crim. Rep., 593; Sorrell v. State, 186 S. W. Rep., 336; Pettis v. State, 150 id., 792; Hearne v. State, 73 Texas Crim. Rep., 392.

On question of declaration by defendant as part of conversation: Arnold v. State, 9 Texas Crim. App., 435; Lemons v. State, 59 Texas Crim. Rep., 310; Gross v. State, 61 id., 176; Johnson v. State, 167 S. W. Rep., 733

LATTIMORE, Judge.—The original opinion in this case is withdrawn, and that which follows is substituted.

In this case the appellant was given three years in the penitentiary for assault to murder I. C. Prewitt, in the town of Granger, Williamson County, Texas. The assault was with an ordinary pocket-knife, shown by the evidence to have a blade a little over three inches long. Two blows were struck by appellant, one of which made a cut some fourteen inches long down and across the shoulder and arm of Prewitt, and the other penetrated the chest cavity and severed three ribs.

It appears from the evidence that appellant owed Prewitt a small debt, which was about to become barred by limitation, and that on the morning of the day of the difficulty, Prewitt asked him for its payment; and when that was refused, he asked for a note, which also was refused. Prewitt then informed appellant that he would sue him the following Monday, and the men separated. Appellant shortly thereafter secured a knife from a negro man, stating at the time, according to one witness for the State, that he was going to kill the dam son-of-a-bitch. This knife appellant then took to a blacksmith shop and whetted. The evidence further showed that later in the day, appellant accosted Prewitt on the street, and in the course of the conversation, cursed him, calling him to his face a dam son-of-a-bitch; whereupon, Prewitt struck appellant with his fist, and was cut as aforesaid with said knife. At the time appellant began this last conversation with Prewitt, it seems—and in fact he testified—that he had the knife open in his hand, with the blade concealed up his sleeve. For himself, appellant stated that when he went to see Prewitt on the occasion of the cutting, he thought he would get a compromise; that he thought Prewitt was going to do something that would cut off his credit with the merchants, and prevent his getting supplies for his family.

Appellant here alleges that error was committed, as shown by his bill of exceptions No. 1. From said bill it appears that a question, or, in substance, one certain question was asked by the district attorney of the prosecuting witness a number of times, to which objection was made. Examining the bill further, it appears that when objection was urged by appellant, the form of the question would be altered by the district attorney before the court could make any ruling, and that finally when the question was fully asked, appellant's objection

thereto was sustained. We think the question asked was clearly improper, but as same was not answered and the court sustained the objection, we do not conclude that the case should be reversed for this reason.

On the trial, the State proved by the witness Prewitt that when he asked appellant to give him a note for the debt, appellant refused, and told him he would not pay him. On cross-examination, this witness said appellant stated that if he made it this fall, he would pay this fall, and if he did not make it this fall, he could not. Thereafter, when the State's witness Winningham was on the stand testifying that shortly after the first conversation between the parties, appellant was at his blacksmith shop sharpening a knife, and talking to witness, appellant proposed to prove by said witness that in this conversation, appellant told him that if Prewitt would give him a little time, he intended to and would pay the bill. We do not think this admissible. If appellant assaulted Prewitt because the latter was going to sue him on Monday, the offered statement contains neither justification nor mitigation. If, on the other hand, he cut Prewitt because the latter assaulted him, as was claimed on the trial, the statement offered could not affect his right of self-defense: Branch's Crim. Law, Sec. 337, is cited. We have examined each authority there mentioned, and find nothing supporting this contention of appellant. What was said by appellant to Willingham neither explains nor gives character to his act in cutting Prewitt. In this connection, a bill is presented, complaining that defendant's witness Reynolds, was not permitted to make answer to a certain question, but an examination of Bill No. 7, wherein this matter is set forth, shows that when it came up, the appellant excused said witness without objection being made by the State or sustained by the court, and no error is presented.

Appellant wished to testify that on the morning of the day of the cutting, and before he saw Prewitt, he had a conversation with Mr. Reynolds, a merchant at Granger, who had a mortgage on appellant's crop, and a contract to furnish him $100 worth of supplies during the current year, and that Reynolds told him that he had gotten $135 worth of supplies already, and that he would refuse to credit him further until that was paid. The reason for wishing to have this statement in evidence appears to be that when appellant talked to Prewitt later, he says it occurred to him that one reason why Reynolds had refused him credit was that Prewitt had told Reynolds of his unpaid bill against appellant. Also, that he thought Prewitt had reported him to the Merchants' Association, thereby depriving him of his credit with Reynolds. There is absolutely nothing in the record to justify such conclusion or thought on the part of appellant, and while we think such belief on his part might have been offered on behalf of the State, if known to them, as affording a reason why appellant might entertain a grudge against Prewitt, still we think such

87 Tex.—18

evidence would neither justify not mitigate his offense, if any, in making such assault.

Appellant's witness Ulmer Young, testified that one Sullivan tried to get at appellant with a knife shortly after the occurrence of the cutting, and while appellant was in the custody of the officer. Immediately thereafter, upon cross-examination, State's counsel asked said witness as follows: "Since you mention it, were there not a lot of people there who wanted to mob him for what he had done?" The court promptly sustained appellant's objection to this, and the State's attorney asked further: "Practically every man in town was outraged by what had happened?" to which also appellant's objection was immediately sustained. Appellant complains here by his bill of exceptions, to the asking of such questions. That such questions were uncalled for, and manifestly improper, is apparent, but at most, the trial judge could only sustain the objections, and if appellant so desired, instruct the jury that such questions should not be considered by them, and warn counsel for the State against the repetition of such character of questions; but if the trial court sustained such objections, and took any other action which might be desired by appellant in the premises, we would not feel justified in reversing the case, because of the fact the State's attorney asked such improper questions. The State, through her representative, the district attorney, can always afford to be perfectly fair in her prosecutions, and care should be exercised that only questions should be asked, and arguments made, which are within the fair rules of practice, and the trial court should promptly repress transgressions of such rules.

Appellant asked two special charges, one to the effect that Prewitt was not justified by reason of the epithet applied to him by appellant, in striking appellant with his fist just prior to the cutting. The court told the jury that no verbal provocation would justify an assault, but in view of the fact that the court gave to the appellant his unlimited right of self-defense, and gave no charge on provoking the difficulty, we think said charge was not called for. The court told the jury that if from appellant's standpoint at the time it appeared to him that he was in danger of serious bodily injury, or loss of life, and that he committed the alleged assault in defending himself, he should be acquitted.

The other special charge we do not believe to be called for. The trial court told the jury that appellant would have the right to approach the prosecutor Prewitt, and endeavor to adjust any difference, and that such approaching would not deprive appellant of any right of self-defense. Said second special charge sought to have the jury told that appellant had the right to arm himself and make such approach armed, if he saw fit. Inasmuch as the court's charge gave to appellant his right of self-defense without limitation, it would not be error to refuse to charge on the right to go armed. See Branch's Ann. Penal Code, Sec. 1950, and authorities cited.

In addition, we note that appellant had only an ordinary pocket-knife, which he testified he had open anu up his sleeve at the time he approached Prewitt. This Court held in the Thornton case, 65 S. W. Rep., 1108, that where the injury was inflicted with an ordinary pocket-knife, a charge on his right to arm himself was not called for, a pocket-knife being commonly carried by every man, and not being a weapon, in contemplation of law. Sharpening one's pocket-knife, and opening it and carrying it up one's sleeve, is not arming oneself as contemplated by our law, and such a charge would have conveyed the erroneous idea that such acts were justifiable.

We have carefully considered this record, and, finding no error for which we think the judgment should be reversed, it is ordered that the same be affirmed.

*Affirmed.*

---

ON REHEARING.

April 28, 1920.

LATTIMORE, JUDGE.—In his motion for rehearing, appellant presents two questions, the first urging that we were in error in holding inadmissible what was stated by appellant to the witness Winningham. Said witness was put upon the stand, and by him the State on direct examination only proved that a short time after Mr. Prewitt, the injured party, demanded of appellant that he pay what he owed or else be sued, appellant was seen in Winningham's shop sharpening a knife on a whetrock. The State asked for no conversation between Winningham and appellant, and none appears on direct examination. Upon cross-examination, appellant desired to prove by this witness that in a conversation at the time he was sharpening his knife, he told Winningham that if Prewitt would give him a little time he intended to and would pay what he owed Prewitt, but this conversation was rejected by the trial court. Its admissibility is urged upon the ground that when a part of a transaction is offered by one party, the whole of said transaction may be offered by the other party, and Taylor v. State, 50 Texas Crim. Rep., 377, 97 S. W. Rep., 473, is cited and relied upon. In that case, a borrowed ring was pawned, and when the other demanded its return, the accused said he had pawned it. The accused sought also to put in evidence, as a part of his statement that he had pawned it, the further statement then made, that when he pawned the ring, he intended to redeem it and return it to the owner. This Court held that the latter part should have been admitted. The general rule seems to be well understood, that when one party puts in evidence a part of a conversation, his opponent may place in evidence all that was then said on the same subject that

materially sheds light on the matter first introduced. So of an act, when proven by another party—whatever was said or done in that connection which would make clear the *status* of said act in its relation to the issue affected thereby—would be admissible on behalf of the opposite party. However, we find ourselves unable to make any application to the instant case, of this principle. The act of sharpening a knife, proven by the State, would make admissible any statement of appellant which would explain or shed light on the sharpening of said knife. That appellant intended, if given time, to pay Prewitt, would not affect or change the attitude of the fact in evidence that he was sharpening the knife with which he shortly thereafter cut Prewitt. Said statement would have been as pertinent and provable if made by him to any other witness between the time of his first meeting with Prewitt, and the cutting, as it was when made to Winningham. It derived no added force to enable it to escape being self-serving, by reason of the fact that appellant made said statement in connection with the sharpening of the knife in question.

The only other matter complained of in the motion, is that we should have held erroneous the action of the district attorney in repeating a question, to which the trial court finally sustained objections. We have gone carefully again over the rather lengthy bill setting out this matter. It therefrom appears that the district attorney asked Mr. Prewitt a question, to which appellant objected; the trial court started to remark something to the district attorney, who asked the court to wait a minute, and then proceeded to frame his question differently; but before the question was fully asked, he was interrupted by an objection from the attorneys for appellant. The district attorney again changed the form of his question, and while asking the same, was interrupted by another objection. None of the questions having been answered, the trial court directed the parties to proceed with the case, and the district attorney started to ask apparently the same question, and was again interrupted by an objection. At this juncture the trial court asked the stenographer to read the question, which was done, and the court stated to the district attorney that he could only ask questions which elicited facts. Thereupon, the district attorney said that the court could pass on it, and asked the question which he had apparently been trying to frame. The court sustained the objection, and this ended the matter. The answer sought by the question, was an opinion of the witness, and was of no fact, the repeated statement of which in the question would be harmful to appellant. Perhaps it would have been better if the trial court had peremptorily ended the controversy sooner, but we are unable to conclude that the bill presents any reversible error.

The motion for rehearing is overruled.

*Overruled.*