**W. B. BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35556.**

Court of Criminal Appeals of Texas.

April 10, 1963.

Franklin R. Navarro, Ralph A. Keen, Houston, for appellant.

Frank Briscoe, Dist. Atty., Daniel P. Ryan, Jr., and Bill White, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The appellant was convicted in the Corporation Court of the City of Houston for the offense of unlawfully possessing and having in his possession with intent to sell a food product, to-wit: fresh meats to which had been added benzoate, said benzoate being a substance not approved by the Director of Public Health of the City of Houston, Texas. Upon appeal in a trial de novo before a jury in County Criminal Court at Law No. 1, appellant was found

guilty and his punishment was assessed at a fine of $200.00.

The conviction was for a violation of Ordinance No. 2922 of the City of Houston.

The caption of this ordinance was introduced in evidence. It gives notice that a penalty for a violation thereof is provided, but that section of the ordinance which prescribes the penalty was not introduced. The State relied upon a general penalty provision, as evidenced by an excerpt from the 1942 Code of the City of Houston, Texas. This provision sets a maximum fine of $200.00, *where no other penalty is specified.*

 We hold that before a general penalty provision of an ordinance may be utilized for a conviction, it is incumbent upon the State to show that a specific penalty is not prescribed.

This essential proof is lacking. Absent a showing of the lack of a specific penalty provision, this conviction cannot be sustained. Jones v. State, Tex.Cr.App., 354 S.W.2d 160.

The judgment is reversed, and the cause is remanded.