**Andrew L. LANGE aka Andrew J. Lange, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61998.**

Court of Criminal Appeals of Texas, Panel No. 2.

June 9, 1982.

Rehearing denied Oct. 13, 1982.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Ronald D. Hinds and Don McNees, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P.J., and ROBERTS and McCORMICK, JJ.

## OPINION

ROBERTS, Judge.

The appellant was convicted in the Municipal Court of the City of Dallas of the offense of driving under the influence of drugs. He was assessed a fine of $25.00. He appealed this conviction to the County Criminal Court of Appeals of Dallas County. Upon a trial de novo, the appellant was again found guilty by the trial court and assessed a fine of $125.00.

In three grounds of error, the appellant challenges the constitutionality of the municipal ordinance under which he was convicted, contends that the trial court erred in overruling his motion to quash the complaint, and challenges the sufficiency of the evidence. Although the appellant does not challenge the jurisdiction of the trial court, we find that the record before us does not show that the Municipal Court of the City of Dallas had jurisdiction to try this case.

The complaint in this case alleged that the appellant did:

"commit an offense, to-wit: Drive Under the Influence of Drugs, in the following particulars, to-wit: said actor while under the influence of drugs to a degree which rendered him incapable of safely driving a vehicle, did drive and operate a motor vehicle upon a public street within the corporate limits of the City of Dallas, Dallas County, Texas."

This complaint charges the commission of conduct similar to that prohibited by V.A.C.S., Article 6701d, Section 50(a). That statute provided:[1]

"It is unlawful . . . for any person who is an habitual user of or under the influence of any narcotic drug or who is under the influence of any other drug to a degree which renders him incapable of safely driving a vehicle to drive a vehicle within this State. . . ."

However, Section 50(b) of that statute provided:[2]

"Every person who is convicted of a violation of Subsection (a) of this section shall be punished by imprisonment for not less than ten (10) days nor more than two (2) years, or by a fine of not less than One Hundred Dollars ($100) nor more than One Thousand Dollars ($1000), or by both such fine and imprisonment. On a second or subsequent conviction under this section he shall be punished by imprisonment for not less than ninety (90) days nor more than two (2) years, and, in the discretion of the court, a fine of not more than One Thousand Dollars ($1000)."

The subject-matter jurisdiction of a municipal court in this state is limited to "criminal cases arising under the ordinances" of the incorporated city, town, or village which has established the municipal court, and to criminal cases "arising under the criminal laws of this State, in which punishment is by fine only, and where the maximum of such fine may not exceed two hundred dollars, and arising within [the] territorial limits" of the incorporated city, town, or village. V.A.C.S., Article 1195. Since V.A.C.S., Article 6701d, Section 50, provides for a possible punishment of imprisonment, and a possible fine in excess of $200, the municipal courts of this state have no jurisdiction to try an offense charged under its terms.

If the Municipal Court of the City of Dallas had subject-matter jurisdiction of the "offense" charges in the complaint, such jurisdiction could lie only under the terms of an ordinance of the City of Dallas. The record before us contains no proof of the existence or terms of such an ordinance.

1. The statute was amended by Acts 1979, 66th Leg., p. 1964, ch. 776, Section 1, effective September 1, 1979.

2. See note 1.

■ In Texas, the state courts do not take judicial notice of the existence of city ordinances or their terms, and where they are relied upon, proof of them is essential. *Green v. State,* 594 S.W.2d 72 (Tex.Cr.App. 1980); *Jones v. State,* 172 Tex.Cr.R. 100, 354 S.W.2d 160 (1962); *Spoon v. State,* 148 Tex.Cr.R. 44, 184 S.W.2d 627 (1945); *White v. State,* 82 Tex.Cr.R. 274, 198 S.W. 964 (1917); *Wilson v. State,* 16 Tex.App. 497 (1884); *Lawrence v. State,* 2 Tex.App. 479 (1877). In *Karchmer v. State,* 61 Tex.Cr.R. 221, 221, 134 S.W. 700, 700 (1911), this court stated the reasons for such a rule:

"This case aptly illustrates the necessity for the introduction of the ordinance in evidence. Appellant contends that the ordinance under which he is prosecuted is unconstitutional. How are we to pass on its constitutionality without reading it? How is it to reach us, if not made part of the record? Every time the constitutionality of an ordinance is raised, shall we adjourn court, and go to the city, and ask the city secretary to show it to us; and, if not, how are we to obtain it? In *Wilson v. State,* 16 Tex.App. [497] 501, Judge Hurt, in passing on this question, says: 'It (the charge) assumes the existence of a city ordinance requiring all penal offenses to be published 10 days before their enforcement. In this the court erred. Courts do not take judicial cognizance of special acts or laws.' Chief Justice Gaines, in the case of City of *Austin v. Walton,* 68 Tex. 509, 5 S.W. 71, holds: 'The courts do not take judicial knowledge of the ordinances of municipal corporations. They stand upon the same footing as private and special statutes, and the laws of other states and of foreign countries, and must be averred and proved like other facts'—citing *Green v. Indianapolis,* 22 Ind. 192; *People v. Mayor,* 7 How.Prac. (N.Y.) 81; *Harker v. Mayor,* 17 Wend. (N.Y.) 199.

"In Cyc. the rule is thus laid down in the text: 'While the power of municipalities to pass ordinances or by-laws is judicially noticed by the courts within the state, the ordinances or by-laws themselves are not judicially known to courts having no special function to enforce them'—citing many authorities. State courts will not take judicial knowledge of city ordinances."

■ The municipal courts of this state have a special function to enforce the penal provisions of municipal ordinances. Those courts can, therefore, properly take judicial notice of the existence and terms of municipal ordinances. When the court does take judicial notice, the terms of the ordinance are in evidence before the court. For this reason, the State need not introduce into evidence proof of the ordinance under which a defendant is charged.

If the appeal from the municipal court is on the record, the municipal court should forward with the papers of the case a written order indicating that it took judicial notice of the ordinance, and stating the text of the ordinance.

■ However, if the appeal from the municipal court is in the form of a trial de novo, nothing which was in evidence before the municipal court is properly before the appellate court until introduced by the parties, or judicially noticed by the appellate court. Since the county courts of this state cannot take judicial notice of municipal ordinances, proof of the existence and terms of the ordinance under which a defendant is charged is an essential part of the State's case. Only by introducing into evidence proof of the ordinance can the State show that the municipal court had jurisdiction to try the case, and, therefore, that the county court has jurisdiction to try the case de novo. Furthermore, it is the State's burden to show that the conduct charged is prohibited by some ordinance, and that the punishment sought is permitted by the ordinance. *Brown v. State,* 366 S.W.2d 563 (Tex.Cr.App. 1963); *Jones v. State* 172 Tex. Cr.R. 100, 354 S.W.2d 160 (1962). Absent proof of the existence and terms of the municipal ordinance under which the defendant is charged, the State's case fails to show that the municipal court had jurisdiction to try the case originally, fails to show that the county court had appellate jurisdic-

tion to try the case de novo, and fails to show that the conduct of the defendant was prohibited and punishable under the ordinance.

Since the complaint in this case could have been prosecuted in municipal court only under the terms of a municipal ordinance, and since the record fails to show that the State proved the existence and terms of such an ordinance, this judgment must be reversed. The record simply fails to show that either the Municipal Court of the City of Dallas or the County Criminal Court of Appeals of Dallas County had jurisdiction to enter the judgments of conviction.

In light of our disposition of this case, we need not address the appellant's three grounds of error.

The judgment is reversed and the cause is ordered dismissed.