FERGUSON, Judge
(dissenting).
Jones is guilty of burglary of an unoccupied dwelling. I disagree to the affirmance of the conviction for armed burglary and concomitant twenty-two year sentence. There are no facts in the record supportive of the officer’s statement that the defendant took a firearm, or the jury’s conclusion that the defendant armed himself in the course of the burglary.
The majority opinion sets forth a fair statement of the facts. I would note, however, that the appellant’s so-called admission to “taking” the gun was actually the arresting officer’s conclusory account. According to the officers Jones responded, under questioning, that he had removed the gun from its original location in a closet and placed it under a hat box in the same closet, approximately twelve feet away, and that he intended to pawn or sell the gun. Whether there was a “taking” in the legal sense, and an “arming” of oneself as an act in furtherance of the design to commit a burglary, should have been decided as a matter of law.
The State contends here that the act of removing the firearm from its container in the closet and placing it twelve feet from its original location still in the closet, coupled with Jones’s admission that he had entertained thoughts of pawning or selling the gun, constitutes an “arming of oneself” for the purposes of an armed burglary conviction. On that evidence, in my view, the case should not have been submitted to the jury as an armed burglary. Neither of the cases cited by the majority supports the conviction. In Hardee v. State, 534 So.2d 706, 708 (Fla.1988), the supreme court held that a defendant who steals an unloaded gun during the course of a burglary can be convicted of armed burglary because the requirement that a burglar be armed or arm himself during the course of a burglary does not require that the gun be ready to fire. The court specifically found that the completed theft of the handgun, although unloaded, was an act in furtherance of the common criminal design to commit burglary. Hardee, 534 So.2d at 707.
In Williams v. State, 517 So.2d 681 (Fla.1988), the defendant was discovered inside the premises with a pistol on his person and a loaded rifle and shotgun at his feet. On those facts, the court held that even though the defendant did not enter the premises armed, but rather armed himself during the course of a burglary, he could be convicted for armed burglary. Although the court did not explain what constituted arming oneself, in both Hardee and Williams the defendants were in possession of the firearms when apprehended.
In this case, Jones had only the stolen jewelry in his possession when apprehended. There is no evidence in the record that he had more than temporary control of the firearm. All that can be said in this case, without speculating, is that *743 Jones had the firearm in his hands long enough to move it a distance of twelve feet. An analogy, for the purpose of possession, can be made to the drug cases where this court held that a temporary holding of cocaine for inspection, in the presence of the owner, did not constitute possession sufficient to sustain a conviction for possession with intent to traffic. See, e.g., Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986), and Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987), cited with approval in Campbell v. State, 577 So.2d 932 (Fla.1991).
Arming oneself means, ordinarily, to equip oneself with, or to make ready for use of, a weapon or weapons. See Black’s Law Dictionary 99 (Rev. 5th ed. 1981), citing Simmons v. State, 87 Tex.Cr. 270, 220 S.W. 554 (1920). Temporary control of a firearm discovered in the course of a burglary, and a fleeting design to sell the weapon, followed by a return of the weapon to its approximate original location, does not constitute an arming of oneself by any legal or common-sense understanding of the term. There is no evidence in this case that the defendant was ready for use of the firearm in furtherance of the burglary.
In my view, the broad interpretation given section 810.02, Florida Statutes (1991), for the purpose of converting a second-degree felony into a life felony, violates the rule requiring that criminal statutes be strictly construed. See State ex rel. Lee v. Buchanan, 191 So.2d 33, 36 (Fla.1966). See also Palmer v. State, 438 So.2d 1, 3 (Fla.1983).