# TYLER TERM, 1903.

ROBERT SMITH v. THE STATE.

No. 2753. Decided October 14, 1903.

**1.—Theft by Conversion by Bailee—Charge of Court.**

A fraudulent conversion is the essential element where defendant is charged as bailee with theft by conversion, and unless the court so charged the jury, the omission to do so is fatal error which will require a reversal.

**2.—Same—Reasonable Doubt.**

Where the court charged, "If you believe from the evidence that said P. E. [the owner] authorized or gave his permission or consent to defendant to sell, * * * or if you have a reasonable doubt thereof, you will acquit defendant;" Held, the charge is correct; the reasonable doubt of authority would not throw the burden on appellant, where the jury are informed if there was such reasonable doubt they should acquit.

Appeal from the District Court of De Witt. Tried below before Hon. James C. Wilson.

Appeal from a conviction of theft of a horse by conversion; penalty, four years imprisonment in the penitentiary.

. The appellant, Robert Smith, was charged by indictment, under article 877, Penal Code, with the theft of a certain horse intrusted to him as bailee, he having sold the same and converted the proceeds of said sale to his own use.

The opinion states the case.

*Dupree & Pool,* for appellant.—The intent of the defendant at the time he sold the horse being an essential element of this offense, and this issue having been raised by the evidence the court should have submitted this issue to the jury under a direct and affirmative charge. This phase of the case as made by the evidence was not covered by the court's general charge, hence this special charge so requested or a similar one setting forth this phase of the case should have been given. Phillip v. State, 31 S. W. Rep., 644; Teague v. State, 31 S. W. Rep., 401; Wheeler v. State, 30 S. W. Rep., 913; Harrell v. State, 40 S. W. Rep., 799; Beabot v. State, 40 S. W. Rep., 405; Vance v. State, 30 S. W. Rep., 792; Knowls v. State, 74 S. W. Rep., 767; Camplin v. State, 1 Texas Crim. App., 108; Von Seden v. State, 45 S. W. Rep., 725; McDaniel v. State, 7 S. W. Rep., 249; Roy v. State, 6 S. W. Rep., 186.

The court erred in not submitting to the jury the good faith of the defendant at the time he sold the horse. The theory of the defense being that the defendant had the permission of the alleged owner of the horse to use the horse as if it was defendant's horse, and there being evidence before the jury tending to show this to be the fact, the court should have instructed the jury that the fraudulent intent of the defendant, if any, must have existed in his mind at the time he sold the horse. De-

fendant's requested instructions numbers 1, 2, 4 and 5, if not strictly correct, did call the court's attention to this phase of the evidence, which was not covered by the court's general charge, and the failure of the court to submit to the jury one of the special charges was error    Brooks v. State, 26 Texas Crim. App., 184, 9 S. W. Rep., 562; Knowles v. State, 74 S. W. Rep., 767; Von Seden v. State, 45 S. W. Rep., 725; McDaniel v. State, 7 S. W. Rep., 249.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged, under article 877, Penal Code, with theft, in that he converted a certain horse intrusted to him as bailee. He received the horse in Victoria County, rode it into De Witt County, and there disposed of it. His defensive theory was that he had permission of the owner to dispose of the horse. Exception was reserved to the charge because it failed to instruct the jury that the fraudulent intent in converting the property was necessary to the conviction. An inspection of the charge sustains this contention. After charging the jury with reference to the necessary possesion of defendant by virtue of the contract of borrowing, the court informed the jury: "And you further believe that defendant converted said horse to his, defendant's own use without the consent of the said Eugene Porter, with the intent to deprive the said Eugene Porter of the value of said horse, then you will find defendant guilty," etc. The fraudulent conversion of the horse is a necessary element to constitute this crime, and without it there would be no offense, and the jury should have been so informed. This omission is fatal and requires a reversal.

Exception was reserved to this section of the charge, to wit: "If you believe from the evidence that said Eugene Porter authorized or gave his permission or consent to defendant to sell or otherwise dispose of said horse, or if you have a reasonable doubt thereof, you will acquit defendant." It is contended this changes the reasonable doubt, and places the burden upon the accused. We do not so understand it. If the owner gave appellant his authority or permission to sell, or in any manner dispose of the horse, this would meet the contention of the State that the conversion was fraudulent. Now, if there was a reasonable doubt of this, then appellant was entitled to an acquittal; and, as we understand this charge, it gave this phase of the law in accordance with our statutory provisions. We do not understand how a reasonable doubt of an authority would throw the burden on appellant, when the jury are informed if there was such reasonable doubt, they should acquit. If the jury had been informed that, in case they had a reasonable doubt of the fact of consent or permission to dispose of the horse they would convict, appellant's contention would be correct. But such is not the charge.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*