614

J. W. Howell v. The State.

No. 15096.   Delivered March 23, 1932.

The opinion states the case.

*O. Ellis,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense, misdemeanor theft; the punishment, a fine of $100 and sixty days in jail.

The record is before us without a statement of facts or bills of exception, but the appellant in his brief contends that the verdict returned into court was a nullity and no judgment could be entered thereon.

The record in this case shows that upon the trial of this case the jury were given forms for their verdict in the court's charge to the jury. The jury did not return a verdict upon a separate sheet of paper, but upon the last page of the court's charge there appears what purports to be a verdict as follows:

"We, the Jury, find the defendant guilty as charged, and assess his punishment at 60 days in jail, and a fine of $100.00, or you may assess his punishment at ___ days in jail without a fine.

"But if you do not so find, you will say by your verdict,

" 'We the Jury, find the defendant not guilty.'

"S. B. Orton,
"County Judge.
"J. B. Fox, Foreman,"

Said alleged verdict was received by the court as written and judgment entered thereon assessing appellant's punishment at sixty days in

jail and a fine of $100. This judgment entirely ignored that portion of the verdict which stated that the jury found the defendant not guilty. Article 696, C. C. P., provides that "if the verdict is informal, the attention of the jury shall be called to it and with the permission and consent of the jury it is proper for the trial judge to correct and reduce it to proper form." The article further provides that "if the consent is not given, the jury should be ordered to retire for further deliberation unless it manifestly appears that the verdict is intended as an acquittal." It has been often held in this state that while the trial court has the power to correct an informal or contradictory verdict with the consent of the jury, he is not to substitute his judgment for the verdict of the jury. See Horn v. State, 117 Texas Crim. Rep., 122, 35 S. W. (2d) 145; Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W., 998; Essery v. State, 72 Texas Crim. Rep., 414, 163 S. W., 17; Coleman v. State, 75 Texas Crim. Rep., 66, 170 S. W., 150; Champion v. State, 113 Texas Crim. Rep., 172, 19 S. W. (2d) 63. In the last named case, Judge Lattimore, speaking for the court, said in part: "The proposition that the court cannot receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings." See Pritchard v. State, 117 Texas Crim. Rep., 106, 35 S. W. (2d) 717.

The primary issue before the jury, under the information and appellant's plea of not guilty, was whether or not the accused was guilty of the offense charged. The verdict presented a plain inconsistency for which there was no certain solution. The evident conclusion of the trial judge in rendering judgment, as stated in said judgment, was that it appeared to the court that the intended verdict is in writing, signed by the foreman, and that the meaning and intent of the jury is evident, but this conclusion could not be arrived at from the verdict itself, part of which stating that they found him guilty as charged, and the other part finding him not guilty. This being true, the verdict was such that a judgment could not be rendered upon it. We, therefore, feel constrained to hold that such verdict was a nullity and that the court should not have received the same, and the trial court should have set aside the verdict in response to appellant's motion for new trial and motion in arrest of judgment. Because of the trial court's failure to do so, reversal of the judgment as entered by the trial court must necessarily follow.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.