RAY RICK v. THE STATE.

No. 23827. Delivered December 3, 1947.
Rehearing Denied January 28, 1948.
Appellant's Request for Leave to File Second Motion for
Rehearing Denied (Without Written Opinion) February 11, 1948.

*John L. Bates, Jr.,* and *Frank B. Brooks,* both of Waco, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft by bailee. The punishment assessed is confinement in the state penitentiary for a period of two years.

The indictment in this case contained three counts. The first count charged theft of $1,512.00 current money of the U.S.A. The second count charged embezzlement of $1,512.00, and the third count charged theft by bailee of $1,512.00 current money of the U.S.A. from Mike Cuscurida.

The court submitted the case to the jury on the third count in the indictment. Appellant challenges the sufficiency of the evidence to sustain his conviction under said count on the ground that the evidence shows that if anything was embezzled it was a check in the sum of $1,512.00 and not $1,512.00 current money of the U.S.A. of the value of $1,512.00.

The record reflects that appellant was engaged in the business of buying and selling second-hand automobiles. Mike Cuscurida was desirous of purchasing a new Chevrolet automobile and inquired of appellant if he knew where he might obtain one. Appellant told him that he would try to locate one. A few days later, appellant advised Cuscurida that he had located a 4-door Chevrolet sedan at Amarillo for the sum of $1,512.00. It was agreed that appellant would go to Amarillo to get the automobile and deliver it to Cuscurida at Waco for which service Cuscurida was to pay him $150.00 upon delivery of the car to him at Waco. Cuscurida gave him a check in the sum of $1,512.00 payable to appellant which he was to use in payment of the car at Amarillo. The check was drawn on the First National Bank of Waco, Texas, and was dated February 20th, 1947.

Appellant cashed the check and instead of going to Amarillo and bringing the automobile to Waco for delivery to Cuscurida as he had promised to do, he went to California where he was subsequently apprehended and brought back. Appellant did not testify or offer any affirmative defense but relied on the insufficiency of the evidence to show that he was guilty of embezzlement of $1,512.00 current money of the U.S.A.

Art. 1547, P. C., reads as follows:

"Within the meaning of 'money', as used in this chapter, are included also bank bills or other circulating medium current as money."

In the case of Conner v. State, 133 Tex. Cr. R. 429, this Court said:

"It was alleged in the indictment that appellant obtained from Mr. Richardson $787 in lawful money of the United States, while the evidence showed that appellant and Howard received a check for $787.50 payable to C. O. Howard, or bearer. At the time the check was delivered appellant insisted that Mr. Richardson telephone the Security National Bank and direct that said check be cashed. He complied with this request, and appellant and Howard got in their automobile and drove away. Shortly thereafter Howard entered the bank and cashed the check. Appellant contends that there is a fatal variance between the allegation and the proof with respect to the property he is alleged to have obtained, his position being that the proof fails to sustain the averment in the indictment that he obtained lawful money of the United States. We are not in accord with this contention. Appellant obtained the money of Richardson by a false pretext, through the instrumentality of the check, upon which he received the money. The holding in Wimer v. State, 48 S. W. (2d) 296; is applicable to the present situation. In that case we quoted from State v. Detloff, 201 Iowa, 159, 205 N. W. 534."

In the instant case, appellant cashed the check, appropriated the money, and departed for the West Coast where he was apprehended and brought back. He did not deliver the car to the injured party nor return the money. We see no variance.

Appellant urged some objections to the court's charge and suggested to the court to incorporate certain instructions. We have examined the court's main charge in the light of the objections urged thereto and have reached the conclusion that the

court in his main charge fairly and adequately instructed the jury on the law applicable to the facts of the case.

No reversible error appearing in the record, the judgment is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that his action, if any offense, does not consist of that of a theft by bailee, and therefore his conviction therefor was unauthorized, that being the only count submitted to the jury.

The statute, (Art. 1429, P. C.), relative to theft or conversion by bailee reads as follows:

"Any person having possession of personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same, shall be guilty of theft, and shall be punished as for theft of like property."

It is contended that the offense of theft by bailee contemplates an obligation upon the part of the bailee to return the things bailed to him in practically every instance with a few exceptions, which exceptions arise because of the impossibility of a segregation from others of like character such as money, grain or other like substances. We think this doctrine overlooks the portion of the statute that reads, "or other bailment". We are not in accord with the doctrine that a contract of bailment is limited to that of hiring or borrowing alone, and think that a further classification arises and is called for by the term "or other bailment". The other bailment in this instance is, "I give you $1,512.00; with this money you purchase a certain kind of car and return such car to me." By means thereof, appellant obtained the money with Cuscurida's consent and was bound by the contract by means of which he obtained such consent and such money. Appellant was also to receive a certain amount of money for his services to be rendered upon the delivery of the car at Waco.

We think that the case of Bell v. State, 132 Tex. Cr. R. 81,

104 S. W. (2d) 511, to be in point. In that case the accused was delivered a certain sum of money to invest in stocks on the market. He failed to so invest same, and it was held that the money thus intrusted to him, not having been invested by him as per contract but instead appropriated to his own use and benefit, such facts constituted theft by bailee.

Again, in Lee v. State, 81 Tex. Cr. R. 117, 193 S. W. 313, the holding is to the same effect, wherein it is stated that a bailment has been defined as "a delivery of a thing in trust for some special object or purpose and upon a contract expressed or implied to conform to the object or purpose of the trust." (Story on Bailment, 9th Ed., page 5.)

We think the contract herein shown comes under the classification of a bailment, and that the testimony further shows that appellant violated this trust by appropriating this money to his own use and fleeing to the State of California, and that he was properly convicted of theft by bailee.

The motion for rehearing is overruled.