## C. W. ALLEN V. STATE.

No. 26,136. January 14, 1953.

*Ayres K. Ross,* Austin, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for theft by conversion by bailee, the punishment affixed being four years in the penitentiary.

The bailment charged was neither one of hiring nor borrowing but was to the effect that appellant took possession of one head of cattle from and belonging to Dillingham "to care for and look after the same" and which was to be returned to said owner upon his demand.

The facts upon which this conviction rests are taken chiefly from the testimony of the alleged injured party, Dillingham.

In the month of April, 1950, Dillingham and appellant entered into a partnership agreement whereby Dillingham would furnish the money to buy cattle which would be turned over to appellant, who would look after the cattle as they were pastured upon the open range and land under lease or control of the appellant. The profits resulting from a resale of the cattle were to be divided equally between the parties.

For a time the partnership appears to have made a profit,

but in the fall of 1950 reverses began and some of the cattle died, resulting in a dissolution, by agreement, of the partnership. At that time there remained on hand something like twenty-eight head of cattle, which had been bought and acquired during the partnership and were running at large upon the open range. According to the testimony of Dillingham, appellant agreed to deliver these cattle at a later date to him. There was, among the twenty-eight head mentioned, what Dillingham described as a "red white-faced bobtailed cow" which had been acquired by purchase during the existence of the partnership agreement.

About two months after the termination of the partnership agreement, appellant sold in his own name, through a commission firm in San Antonio, Texas, a "white-faced muley cow, cross L left shoulder, crop in the right ear and underslope to the left, and bobtail."

It is the state's contention that the above described cow was the red white-faced bobtailed cow first above mentioned, and that said sale constituted the unlawful and fraudulent conversion of the one head of cattle alleged in the indictment and upon which this conviction rests.

It was undisputed that the brand on the cow which appellant sold was his own brand.

It was appellant's defense that the cow he sold belonged to him and was never a part of or acquired during or by the partnership.

The sufficiency of the evidence to support the conviction is challenged.

In order for appellant to be guilty of the offense charged, it was necessary, among other things, for the state to show the fraudulent conversion by him of the one head of cattle, as alleged. Smith v. State, 45 Tex. Cr. R. 251, 76 S. W. 434.

To constitute proof of this essential element, the state relied, solely and alone, upon the proof showing the sale by appellant of the "white-faced muley cow, cross L left shoulder, crop in the right ear and underslope to the left, and bobtail."

The variance between the description of the cow alleged to have belonged to Dillingham and that which appellant is alleged

to have converted is apparent. The resemblance between the two cows was that each was white-faced and bobtailed, while the other descriptive characteristics are so at variance as to preclude the conclusion that the two descriptions were of the same cow.

The conclusion is reached that the facts fail to show the fraudulent conversion by appellant of the "red white-faced bobtailed cow" alleged to be the property of Dillingham.

Accordingly, the judgment is reversed and the cause is remanded.

Opinion approved by the court.