JAMES T. LIGON, JR. V. STATE

No. 32,823. January 25, 1961

Motion for Rehearing Overruled March 8, 1961

McDONALD, Judge dissented.

*Hubert T. Faulk,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Edwin F. Berliner,*

First Assistant District Attorney, *Joseph H. Sharpley, Oscar G. Galvin,* Assistants District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for felony theft by bailee; the punishment, two years.

On January 14, 1960, the appellant signed a rental contract with Hertz Rent-A-Car in El Paso for the use of a thunderbird automobile of the value of more than $5,000 to be there returned January 16, and it was then and there delivered to him. There were no restrictions, oral or written, covering the area of its use. Appellant said he lived in Fort Worth, and gave the number of a certain street as his address which appears on the rental agreement. Without giving any notice, the appellant did not return the car on January 16, and January 18 manager Edens of Hertz began a search for the car only to learn that appellant had been seen in Fort Worth, and on January 20 he filed a complaint in El Paso charging appellant with the theft of the car. On January 24, when the appellant refused to stop the car when signaled to do so by the police in Fort Worth, and ran a road block, they shot at and were pursuing him in the car at more than 100 miles per hour when he wrecked it.

In his own behalf, the appellant testified that he used a credit card to rent the car from Hertz in El Paso on Thursday, January 14 to be returned according to the written rental agreement on January 16, and told the attendant he was going to Fort Worth where he lived and would need it for the week end and asked about week end rates, but was told that since it was Thursday the week end rates were not then effective and he went ahead and rented it; that he arrived in Fort Worth on January 16 and kept the car without notifying anyone. He further testified that he had previously rented a car from Hertz in Houston and drove it to Fort Worth and when the contract time for use of the car expired he went to the Hertz agency in Fort Worth and was informed that is was not necessary to get an extension and for that reason he did not believe it was necessary in this instance; that he was using the car while looking for employment, and at no time did he intend to convert the car to his own use but intended to return it. On January 24, he said his sister informed him by telephone that Hertz wanted the car returned and he was going that day to the Hertz agency in Fort Worth to arrange for the further use of the car until he found employment. But before he

got to the Hertz agency an officer on a motorcycle pulled up beside him and pointed a pistol toward his head and told him to pull over which scared him and in trying to get away he wrecked the car.

Appellant contends that the evidence is insufficient to show a conversion of the automobile because he never at any time asserted claim to it which was adverse to the owner. And further contends that if he did convert said automobile the evidence fails to show that it occurred in El Paso County.

The evidence shows that the appellant presented to Hertz a valid credit card when he obtained the car which guaranteed payment up to $500, and that all rental and other charges from January 14, including January 24, were paid to Hertz by the guarantor. Appellant urges that this shows that he held the car at all times subject to and not adversely to Hertz.

The evidence further shows that after leaving El Paso appellant stopped for gas in Van Horn, tendered a check which was refused, and then left the automobile's new spare tire with the service station attendant when the attendant started to syphon the gasoline out of the tank. He arrived in Fort Worth on January 16 but could not be located at the Fort Worth address he gave in El Paso, nor did his relatives at said address know of his whereabouts. When first approached by the officers in Fort Worth he fled at more than 100 m.p.h. and after being shot at five times while running a road block he wrecked the automobile and was apprehended.

The facts and circumstances are sufficient to warrant the jury's conclusion that the appellant fradulently converted the car to his own use with the intent to deprive the owner of the value thereof in El Paso County.

Appellant contends that a fatal variance exists between the proof and the allegation in the indictment that Fred C. Edens was the owner of the automobile.

The evidence shows that Fred C. Edens was city manager for Hertz Rent-A-Car agency in El Paso. He testified that, "I am in charge of all three offices and the personnel, and the vehicles that we operate here in this area." that he had control and possession of the automobile when it was rented by the appellant and that he was in charge of the rental agreements. Katherine Bibo testified that she was "Rent-A-Car agent with Hertz Agency" at

the airport office; that "Mr. Edens is the supervisor at the airport" and that she completed the printed car rental contract from which the appellant signed to obtain the automobile.

It is concluded that the proof supports the allegation of ownership in Fred C. Edens, that ownership of the automobile was properly alleged in him and that there is no variance as the appellant contends. Williams v. State 101 Tex. Cr. R. 523, 276 S.W. 282; Osborne v. State, 93 Tex. Cr. R. 54, 245 S.W. 928, 929.

It is insisted that this conviction cannot stand because it rests on a bailment made when the appellant was under 21 years of age.

The fact that the appellant was 18 years of age when he signed the rental agreement for the car as he testified would not prevent him from committing felony theft by bailee and being prosecuted and convicted for such offense. 16 Tex. Jur., Sec. 47-48; Neal v. State, 101 S.W. 212.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed

Opinion approved by the Court.

ON MOTION FOR REHEARING

McDONALD, Judge (dissenting).

Appellant's motion for rehearing is overruled by the majority of the court without written opinion.

I respectfully dissent.

While the Diner's Club card may have been a guarantee to Hertz Rent-A-Car, when the Diner's Club paid Hertz the full rental for the use of the car during the entire period of time from January 14, 1960 (the day it was rented), until January 24, 1960 (the day it was recovered), the rental contract was fulfilled.

If the appellant converted the car, he was guilty of theft by bailee, as charged. If he became a thief, then the bailment ceased, and Hertz was entitled to no rent money on the car.

Certainly, the evidence does not reflect that the Diner's Club

undertook to guarantee the acts of a thief. The club only guaranteed payment of rent.

A thief would not be a bailee, and he would owe no rent. One cannot be both a bailee and a thief at the same time. He either remains a bailee or he becomes a thief.

Had the Diner's Club only paid Hertz for six days' rental—that is, up until the time (January 20) that Hertz filed the complaint—then a different question would be presented.

I feel that the motion for rehearing should be granted.