EDDIE MASON, JR. V. STATE

No. 33,544.  May 31, 1961

No attorney for appellant of record on appeal.

*Frank Briscoe*, District Attorney, *Carl E. F. Dally, Howell E. Stone, Carol S. Vance*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is theft by bailee; the punishment, two years.

The indictment alleged in the first count, which was submitted to the jury, that appellant fraudulently converted to his own use $172.63 belonging to Wynford Eaden which he had in his possession "by virtue of an oral agreement entered into by and between EDDIE MASON, JR., and Wynford Eaden whereby EDDIE MASON, JR., was to use said money as a downpayment on a 1956 Ford automobile."

Eaden, the injured party, testified that, on November 21, 1959, he went to the place of Chuck Davis, a car dealer in the city of Houston, to buy a car; that, while at the place, he looked at a 1956 Ford car, but was unable to purchase it from Davis because of his poor credit rating; that, thereafter, on November 23, 1959, he went to the appellant, who was also a car dealer, and told appellant about the car at Davis' place that he wanted to buy; that appellant, after calling Davis and a finance company, stated that he could get the car for him for $172.63 down and $53.00 per month; that he then gave appellant the sum of $172.63 and appellant told him to come back the next day and get the car. Eaden testified that he returned to appellant's place the following day, but the car was not there and, when he asked appellant about the car, appellant said "he didn't get around to it," and for him to come back the next day; that, when he returned the next day, appellant stated "he was having a little trouble with the finance company" and to come back the next day. Eaden stated that, when he returned the following day, he was advised that appellant was "out of town"; that, thereafter, he went to appellant's place practically every day and, a month later, by arrangement of appellant, he went to Davis' place and drove the 1956 Ford to a finance company where he was to meet appellant; that appellant did not fulfil his appointment; and, that night appellant called him and stated that the finance company would not finance the car for the amount agreed upon and for him to take it back to Davis. Eaden testified that the next day he returned the car to Davis; that he then demanded that appellant return to him the $172.63 and appellant then tried to sell him one of his cars. Eaden testified that he thereafter repeatedly demanded of appellant a return of the money; that appellant made various excuses for not doing so; and that, after charges were filed and indictment returned against appellant, he did return to the witness the money which he had delivered to him.

Appellant did not testify or offer any evidence in his behalf.

The record presents no formal bills of exception or objections to the court's charge. No brief has been filed on behalf of appellant.

The informal bills of exception appearing in the statement of facts have been considered and do not reflect error.

The evidence is sufficient to sustain the conviction. See:

Rick v. State, 151 Tex. Cr. R. 426, 207 S.W. 2d 629, and cases therein cited.

The judgment is affirmed.

Opinion approved by the Court.