**Richard Lee ASKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 39000.

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

Bill Schlomann, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

No statement of facts or bills of exception accompany the record.

By brief appellant calls attention to that portion of the transcript which contains the verdict of the jury. The first verdict form returned by the jury read as follows:

"We, the Jury, find the Defendant 'Not Guilty'.

Clifford E. Terry
Foreman

We, the Jury, find the Defendant guilty as charged and assess his punishment at _3 days_ days in jail and _$50.00_ dollars fine.

Clifford E. Terry
Foreman

Another form sheet was furnished the Jury, whose foreman then corrected the verdict, or put it in proper form.

The Jury was then polled and each juror in turn affirmed the verdict returned on the new verdict sheet.

6/9/65

Wallace C. Moore
Judge                    "

On the second corrected verdict form the jury found as follows:

"We, the Jury, find the defendant guilty as charged and assess his punishment at _3 days_ days in jail and _50.00_ dollars fine.

Clifford E. Terry
Foreman"

It is appellant's contention that the above shows that Article 696, Vernon's Ann.C.C.P. was not complied with in that it was not shown that the jury was sent back for further deliberation prior to reaching their last verdict. If this were true, it was incumbent upon appellant to bring this matter to our attention by proper bill of exception. We cannot accept allegations of fact made in his brief.

**454** ■

■ Appellant contends that the verdict is a nullity and relies upon Williams v. State, 118 Tex.Cr.R. 366, 42 S.W.2d 441, and Howell v. State, 120 Tex.Cr.R. 614, 47 S.W.2d 844. We do not agree. In each of those cases the court failed to do what the court in the instant case did do. An analogous situation to the case at bar was affirmed by this Court in West v. State, 170 Tex.Cr.R. 317, 340 S.W.2d 813, except that in West, the matter was presented in a bill of exception.

No reversible error appearing, the judgment is affirmed.