James Hector BARBER, Appellant,

v.

The STATE of Texas, Appellee.

No. 43445.

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Lawrence R. Green, Dallas (Court-appointed on appeal), for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an out-of-time appeal from a conviction for theft by bailee of an automobile over the value of $50.00 under Article 1429, Vernon's Ann.P.C. The punishment was assessed by the jury at eight years.[1]

The sufficiency of the evidence is challenged. Forman Perkins, the injured party, testified that he roomed with appellant in Dallas. On June 8, 1965, the appellant took Perkins to work at approximately 7:00 o'clock a. m. in Perkins' 1964 Pontiac automobile. Appellant then, with Perkins' consent, took the automobile so that he could apply for a job in another part of the city. Perkins testified that appellant was to return to take Perkins home

---

1. Many applications for writs of habeas corpus have been filed by appellant wherein he alleged, among other things, that his counsel should not have withdrawn his appeal in 1966. The present trial judge of the convicting court found after a hearing and upon sufficient facts that appellant was entitled to an out-of-time appeal. See Ex parte Castanuela, Tex.Cr.App., 435 S.W.2d 145, and Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146. Notice of appeal was given after January 1, 1966. An appellate brief was filed in the trial court on July 10, 1970, and was forwarded to this Court along with the record in accordance with the provisions of Article 40.09, Section 9, Vernon's Ann. C.C.P.

at 4:00 p. m. Perkins also testified that his automobile had a value of more than $50.00.

When appellant did not return with the automobile that afternoon, Perkins started walking. When Perkins got home, he found that his television set, transistor radio, camera, binoculars and some of his clothing, along with the automobile, were missing. He called the police.

Officer Tabor of the Memphis, Tennessee Police Department testified that on June 9, 1965, he saw appellant in a pawn shop on Beal Street in Memphis with a television set, a camera with the name "Perkins" on it and a pair of binoculars. He testified that he found some clothing with the laundry mark "DP" in the Pontiac automobile.

Appellant stated to the officer that the automobile belonged to him and that he was going to North Carolina. He agreed that the officer should call Dallas and verify ownership of the automobile. After the call was made, Perkins went to Memphis and got his automobile, television set, binoculars, camera and other items which appellant released to him.

Appellant testified that he drove Perkins to work on June 8, 1965, and started drinking that morning and did not remember anything else until he woke up in a motel near Memphis the following day. He testified that he did not have permission to drive the automobile to Memphis and that he was going to pawn the binoculars so that he could return to Dallas. He further testified that when asked about the ownership of the automobile, he told the officer, "Maybe, mine," and then said it belonged to his roommate.

In Harold v. State, 165 Tex.Cr.R. 78, 303 S.W.2d 794, a case quite similar to the one at bar, the defendant borrowed an automobile and drove it from Big Spring to San Patricio County. The defendant testified that he was drunk at the time he borrowed the automobile and that he had no inten-

tion of keeping it permanently. This Court held the evidence sufficient to sustain the conviction.

In Ligon v. State, 170 Tex.Cr.R. 632, 344 S.W.2d 168, a conviction for theft of an automobile by bailee was sustained even though the defendant never at any time asserted a claim to it which was adverse to the owner.

■ Next appellant complains that the court erred in admitting testimony that appellant had the television set and other items belonging to Perkins in the pawn shop in Memphis. The evidence was admissible as a part of the res gestae of the offense and to show appellant's intent. Spencer v. State, 164 Tex.Cr.R. 464, 300 S. W.2d 950. See 1 Branch's Ann.P.C.2d, Section 188, p. 200.

■ The contention that the court erred in refusing to charge if there were no agreement to return the automobile at a specific time to acquit is without merit. Appellant testified that he did not have permission to take the automobile out of Texas. Even if the agreement was as the appellant testified for the appellant to return the automobile when Perkins called at some hour after 4:00 p. m. on the day in question, he would not have been entitled to an acquittal.

■ Likewise, the complaint that the court should have charged on circumstantial evidence is without merit. The sole disputed issue in the case was the intent of appellant to convert the automobile to his own use. This Court has held that when only the intent is to be determined by circumstances no charge on circumstantial evidence is required. Schwartz v. State, 172 Tex.Cr.R. 326, 357 S.W.2d 393.

■ Lastly, it is contended that the court committed fundamental error when it did not hold that appellant had been placed in former jeopardy.

The record reflects that during a prior trial of this cause, the jury returned a ver-

dict of guilty and assessed punishment at nine years. The foreman also signed the not guilty verdict form.[2] Appellant's motion for new trial was granted, and this appeal is from the second trial where the punishment of eight years was assessed.

No plea of former jeopardy nor former acquittal under Articles 1.11, 27.05 and 27.06, V.A.C.C.P., was filed with the trial court. The first verdict of the jury was a nullity. It does not show an acquittal or conviction. Howell v. State, 120 Tex.Cr.R. 614, 47 S.W.2d 844.

We hold that former jeopardy or acquittal has not been shown.

The record contains no reversible error. The judgment is affirmed.

2. Article 37.10 (then Article 696), V.A. C.C.P., to meet such contingencies, provides that if the verdict is informal, the attention of the jury shall be called to it, and, with the permission and consent of the jury, it is proper for the trial judge to correct and reduce it to proper form. It further provides that, if consent is not given, the jury should be ordered to retire for further deliberation, unless it manifestly appears that the verdict is intended as an acquittal. See Askins v. State, Tex.Cr.App., 397 S.W.2d 452; West v. State, 170 Tex.Cr.R. 317, 340 S.W.2d 813.