**Chester B. BASS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43373.**

Court of Criminal Appeals of Texas.

Jan. 20, 1971.

Rehearing Denied March 31, 1971.

James B. Turner, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is embezzlement of a sum of money in excess of $5.00 and less than $50.00; the punishment, six months in jail and a fine of $500.00.

The appellant's first ground of error is that venue was not proven. He contends that an issue was made in the trial as to venue. At the conclusion of the evidence, he moved for an instructed verdict in these words, "First, that the State has failed wholly to prove jurisdiction of this proceeding in the County Criminal Court at Law of Harris County, Texas." We are confronted with the question of whether this put the State and the trial court on notice that venue had not been proven. We conclude that it did not.[1]

His second ground of error not supported by authority or discussion is that the evidence is insufficient to show the guilt of the appellant. It was shown that the appellant accepted different sums of money from the injured party with instructions to make payments on the injured party's automobile loan and that payments were not made. In the early case of Goodwyn v. State, Tex.Cr.App., 64 S.W. 251, this Court affirmed a conviction for embezzlement saying, "Judge Storey defines a bailment as 'a delivery of a thing in trust for some special object or purpose, and upon a contract, express or implied, to conform to the object or purpose of the trust.'" A bailment has been shown and a violation of the trust established.

Appellant's last ground of error is that there is a conflict in the testimony of the witness Bumgarten at this trial and his testimony at an earlier trial. We have examined the prior testimony, which was made a part of the record on appeal at the places mentioned in the brief. While the witness seemed to be more sure of himself in the second trial, we fail to agree with the appellant that the witness was coached by representatives of the State or that perjury has been shown.

Finding no reversible error, the judgment is affirmed.

1. "Jurisdiction and Venue in Criminal Cases," Stumberg, Vol. 1, V.A.C.C.P., p. XIII (Prior to 1965). See Martin v. State, Tex.Cr.App., 385 S.W.2d 260.