Guadalupe J. **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45263.

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Chilton Maverick, San Antonio (Court appointed), for appellant.

Ted Butler, Dist. Atty., Charles E. Campion, Charles Roberts and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for felony theft by bailee. After the jury re-

turned a verdict of guilty, punishment was assessed by the court at three years.

■ At the outset, the appellant contends that the evidence is insufficient to support a finding that the court had jurisdiction of the offense alleged to have been committed in that the evidence fails to reflect that the offense occurred in Bexar County.

The record reflects that no issue as to venue was raised prior to the filing of the motion for new trial. Nothing is before us which affirmatively shows that venue was not proven. Under such circumstances, this Court will presume that venue was proven. See Art. 44.24, Vernon's Ann.C. C.P.; Bass v. State, Tex.Cr.App., 464 S. W.2d 668; Masters v. State, 165 Tex.Cr.R. 303, 306 S.W.2d 355; Doyle v. State, 168 Tex.Cr.R. 458, 329 S.W.2d 286.

■ Appellant contends that the evidence is insufficient to support the jury's finding of a fraudulent conversion.

Art. 1429, Sec. 1, Vernon's Ann.P.C., provides:

"Any person having possession of a motor vehicle, trailer, equipment, or tool, or any other personal property of another by virtue of a contract of hiring or borrowing, or other bailment, who shall without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of the same shall be guilty of theft, and shall be punished as for theft of like property."

Clyde Weikert, manager of Mission Leasing, testified that appellant entered into a rental agreement for a 1970 Oldsmobile Cutlass Supreme on September 25, 1970. According to Weikert, the agreement provided for rental of the car "for one week, with a possible month rental, at which time he said he would bring in the remainder of the money for a month's contract." Appellant had previously rented a car and an overpayment of $16.20 from the prior transaction was applied to the rental agreement entered into on September 25, 1970. Weikert identified a written rental agreement, dated September 25, 1970, providing for a rental of the car for one week. Weikert did not see appellant again until some time in November when he saw him driving the vehicle in question. When appellant did not return at the expiration of one week from September 25, 1970, Weikert sent appellant a telegram on October 12 at an address he had taken from appellant's driver's license. Weikert further testified that he attempted to contact appellant at the business where appellant said he was employed and at an address in Devine where appellant told him his wife's mother lived.

Officer McCord of the San Antonio Police Department testified that he located the car in question on Magnolia Street on December 1, 1970, and found appellant at his (appellant's) brother's apartment about a half block away on San Pedro Street.

Officer Sefcik testified that Weikert reported the vehicle as having been stolen on October 30, 1970.

Appellant testified that he paid $75 for rent and "$37 on mileage" about October 5th or 6th. According to appellant, he called Weikert when the car was due:

"I told him that I had been laid off and that I was going to keep the car and that I'd, you know, would pay him the month's rent. And he asked me to bring it back; and I said, 'Well, you know I'm good with you; I have been paying you. So, I'd like to just keep it, you know, because I need it to get around. I'll pay you back.' Well, I didn't take it back at the end of the month; I kept it for several reasons—for one, because I needed the transportation."

Appellant stated that he was going to return the car the first part of December, but the car was missing from the place he

parked it. Appellant later determined that the car had been picked up by the police. Appellant further testified that his mother reported to him that Weikert had called and that he returned the call but Weikert was not in and he left his name with his secretary. Appellant denied having ever received a telegram from Weikert and stated that he did not intend to convert the car to his own use and never return it.

In Harold v. State, 165 Tex.Cr.R. 78, 303 S.W.2d 794, defendant, who had borrowed a car in Big Spring to pick up some girls and drove the vehicle to San Patricio County, testified that he had no intention of keeping the car permanently. This Court found the evidence sufficient to support the conviction. In Ligon v. State, 170 Tex.Cr.R. 632, 344 S.W.2d 168, where defendant rented a car in El Paso and was found in Fort Worth eight days after the vehicle was to be returned under the rental agreement, a conviction of theft by bailee was sustained even though the defendant never at any time orally asserted a claim to it which was adverse to the owner. See Barber v. State, 462 S.W.2d 33.

In the instant case we find that the facts and circumstances are sufficient to warrant the jury's conclusion that the appellant fraudulently converted the car.

■ Lastly, appellant contends that the evidence is insufficient to support the requirement of notice to him under Article 1429, Secs. 2 and 3, V.A.P.C.[1]

Appellant urges that there was a failure to comply with Article 1429, Sec. 2, V.A. P.C., in that notice to appellant was sent to a wrong address by Weikert.

The notice provided for in Art. 1429, Sec. 2, V.A.P.C. does not create an additional element to be proven by the State. The statute merely provides that compliance with the notice provision "shall be prima facie evidence of an intent that such person intended to convert the property to his own use and to deprive the owner of the value of the same."

Further, Weikert testified he sent a telegram to appellant on October 12, 1970 at an address taken from appellant's driver's license. On October 14, 1970, a confirmation copy of the telegram was received by Weikert. A confirmation copy was described by Weikert: "When we send a telegram, we know one gets delivered; and we ask for a copy to assure ourselves one

1. "Sec. 2. Any person who has obtained a motor vehicle, trailer, equipment, or tool, or any other personal property, under a contract of hiring or borrowing or other bailment, in writing, the failure to return such motor vehicle, trailer, equipment, or tool, or other personal property upon termination of said contract of bailment within ten (10) days after being given notice of termination of said contract, shall be prima facie evidence of an intent that such person intended to convert the property to his own use and to deprive the owner of the value of same.
"Sec. 3. 'Notice' as used herein shall be notice in writing sent by registered or certified mail or telegram, addressed to such person at the place listed on the contract of bailment, and it shall constitute prima facie evidence that such notice was given if any of the following conditions are met:
   "(a) A return receipt is in the possession of the sender signed by the person to whom it was addressed, or

"(b) The envelope has been returned to the sender thereof with a notation thereupon 'refused by addressee,' or any other notation similar or commonly used by the United States Post Office, or
"(c) The telegram has been returned to the sender thereof with a notation thereupon 'refused by addressee,' or any other notation similar or commonly used by the telegraph office, or
"(d) That the envelope is returned to the sender with a stamp normally used by the United States Post Office showing that no such address exists, or
"(e) That the envelope is returned to the sender with a stamp normally used by the United States Post Office showing that the person does not live, reside or office at the address so indicated, or
"(f) That the telegram is returned to the sender indicating that the person does not live, office or reside at the address so indicated. As amended Acts 1963, 58th Leg., p. 930, ch. 360, § 1."

has gone." Appellant denied receiving the telegram but acknowledged receiving a phone call from Weikert. Without regard to whether there was compliance with Art. 1429, Secs. 2 and 3, V.A.P.C., we deem the evidence sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.