**J. D. BREWER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45506.**

Court of Criminal Appeals of Texas.

Jan. 3, 1973.

Worley & Wright, by Mike Worley, Lubbock (On Appeal Only), for appellant.

Blair Cherry, Jr., Dist. Atty., and Richard D. Monroe, Asst. Dist. Atty., Lubbock, and

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of theft by bailee under Article 1429, Vernon's Ann.P.C. The court assessed the punishment at ten years.

The indictment (omitting the formal parts) alleged:

" . . . that on or about the 29th day of June, A.D. 1970, and anterior to the presentment of this indictment, in the County and State aforesaid, J. D. Brewer having possession of one (1) electric typewriter, of the aggregate value of more than Fifty Dollars ($50.00), then and there the property of Hubert Russell, by virtue of his contract of rental with the said Hubert Russell, did then and there while in possession of said property, as such bailee, unlawfully and without the consent of Hubert Russell, the owner thereof, fraudulently convert said electric typewriter to his J. D. BREWER, own use and benefit, and with the intent to deprive the said Hubert Russell, the owner thereof, of the value of the same, . . ."

The sufficiency of the evidence to support the conviction is challenged.

The record shows that the rental agreement relied upon to show a contractual relation or bailment was executed on June 29, 1970, for a period of six months. It further reflects that the appellant gave a check in the amount of $37.50 to cover the first and last month rental fees plus sales tax and that this check was returned unpaid by the drawee bank with the notation "Account Closed" stamped on its face. It appears from the record that the appellant had been in continuous confinement in jail since July 28, 1970, before the end of the first month of the rental agreement.

In Forson v. State, 162 Tex.Cr.R. 44, 282 S.W.2d 385, this Court quoted several definitions of a bailment, including one from Northcutt v. State, 60 Tex.Cr.R. 259, 131 S.W. 1128, which follows:

" 'A bailment is a delivery of goods for some purpose on a contract, express or implied, that after the purpose has been fulfilled, they should be redelivered to the bailor, or afterwards dealt with according to his directions or kept until he reclaims them, . . .' "

There has been no showing that appellant fraudulently converted the typewriter to his own use contrary to the terms of the contractual agreement relied upon by the State. The testimony of the appellant that he had rented a motel room in Albuquerque, New Mexico, and was using the typewriter in his business there when he took an employee to Odessa, Texas, shortly before he was arrested for another offense does not show a conversion of the typewriter to his own use.

The mere proof that a defendant did not return the property is not sufficient to show a conversion. We hold the evidence is insufficient to support the verdict of theft by bailee.

Other matters presented will not likely occur in the event of another trial and will not be discussed.

The judgment is reversed and the cause remanded.