**Elbert SMITH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 47160.

Court of Criminal Appeals of Texas.

Nov. 21, 1973.

Rehearing Denied Dec. 12, 1973.

Kenneth L. Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for felony theft by bailee wherein the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

Appellant's sole ground of error is that the evidence is insufficient to support the

judgment, it being his contention that evidence of "retaining rented property past the time due for return, without more, is not sufficient proof of" conversion with intent to deprive the owner permanently of the value of the property converted.

The constituent elements of theft by bailee are:

First: possession of property by virtue of bailment;

Second: fraudulent conversion of the same by bailee to his own use without the consent of the owner;

Third: conversion by bailee with intent to deprive the owner of the value of the property. See Article 1429, Vernon's Ann.P.C.; Purcelley v. State, [29 Tex.App. 1] 13 S.W. 993 (Tex. Cr.App.1890).

To prove the State's case in chief at the guilt stage of the proceedings, the State offered only one witness, Marjorie Kirkland. She testified that on December 18, 1971 appellant, who had previously rented and returned a Datsun truck from her car rental service in Houston, signed a rental agreement for a 1972 Datsun automobile which called for him to return the vehicle on December 20, 1971 at 12:30 p. m. The rental agreement introduced into evidence reflected that the rental rate was $10.00 daily with the weekly rate being $60.00, while the "mileage allowed" is "50 per day" with the "rate over 50 per day miles" being "5¢ per mile." A $12.00 deposit was received. The rental agreement contained many other conditions.

Mrs. Kirkland related that the car was not returned on December 20 as agreed, but on December 22, 1971, the appellant called her and told her he would be in that evening with the car. She informed him that he had to return the car immediately and that he could not keep the car unless an additional deposit was made. She related that she did on occasion allow individuals who returned their rented vehicle late to retain such vehicles if they made additional deposit payments.

Mrs. Kirkland further revealed that the appellant did not return the car in question on December 22, 1971 following his telephone call and that she left messages at the phone number appellant had entered on the rental agreement for him to return the car and had also called the office of his attorney.

She further testified that the car was recovered on January 4, 1972 at Boyd Mullen Chevrolet Company in Pasadena, Harris County, following a phone call from a salesman there. It was shown that the Datsun when recovered had been driven 4,672 miles since the date of the rental agreement.

The State made no effort to show *when* or *how* the car came into the possession of the Mullen Company, nor how the vehicle had been used after acquisition by such company.

Under the appellate record before us, we are left in the dark as to just how long the appellant had the vehicle in question, how long the Mullen Chevrolet Company had had it, the conditions under which it was acquired, what use it was put to after acquisition, if any, etc.[1]

There was no evidence offered that any attempt was made to invoke the written notice requirement of Article 1429, § 2, so as to establish "prima facie evidence of an intent that such person intended to convert the property to his own use and to deprive the owner of the value of the same."

The appellant did not testify or offer any evidence.

There may well be other facts which would be sufficient to support appellant's conviction, but they are not in this record.

1. Mrs. Kirkland testified she recovered the car after receiving a call from a used car salesman at the Mullen Chevrolet Company, but no one from that company was called to testify.

Proof merely that an accused did not return the property is not sufficient to show a conversion. White v. State, 11 Tex.Cr.R. 769 (1854). See also Brewer v. State, 488 S.W.2d 414 (Tex.Cr.App.1973).

To sustain a conviction under the statute making conversion by a bailee constitute theft, the proof must show that such conversion was fraudulent. Von Senden v. State, 45 S.W. 725 (Tex.Cr.App.1898); Smith v. State, 45 Tex.Cr.R. 251, 76 S.W. 434 (1903); Tabb v. State, 95 Tex.Cr.R. 601, 255 S.W. 442 (1923).

The fraudulent intent need not exist at the time of obtaining possession of the property, for it is fraudulent conversion and not the fraudulent taking that forms the gist of the offense. Taylor v. State, 25 Tex.App. 96, 7 S.W. 861 (1888). See also Smith v. State, supra.

Further, "[A]s long as the bailee holds the property subject to the rights of the bailor, and not adversely in his own right, there is no fraudulent conversion." 5 Branch's Ann.P.C., 2d ed, § 2715, p. 153.

In Taylor v. State, 50 Tex.Cr.R. 377, 97 S.W. 473 (1906), this court said:

"The temporary appropriation or use of the property in the hands of a bailee, without the intent to permanently appropriate it, would not constitute theft. The facts are here which suggest this theory, and the charge should have been given to the jury. Of course, it would be an undeniable proposition that the crime of theft by bailee is one hinging upon the intent of the party charged to be guilty, and this fraudulent intent and appropriation means permanency. [citing authorities]"

In essence the only proof in the instant case to show that the appellant converted the vehicle to his own use is the fact that the vehicle was not returned within the rental period. The facts are simply insufficient to support the conviction.

The State relies upon Ligon v. State, 170 Tex.Cr.R. 632, 344 S.W.2d 168 (1961). There, in addition to failing to return the vehicle which had been rented in El Paso, the evidence showed, among other things, that Ligon hocked one of the vehicle's new spare tires for gas in Van Horn and when the officers approached him in Fort Worth some eight days after the expiration of the rental period, he fled in the car at more than 100 m. p. h. and after being shot at five times while running a roadblock, he wrecked the car and was apprehended. These facts are a far cry from the instant case.

In Gonzales v. State, 486 S.W.2d 380 (Tex.Cr.App.1972), the car in question was rented on September 25, 1970 for a week with a possible monthly rental being contemplated. The car was not returned at the end of the week nor was any payment made for the monthly rental as agreed. Gonzales was seen by the renting agent driving the car in November. The car was recovered by the police on December 1, 1970, and the defendant was found a half a block away. In addition thereto, the defendant testified that he had called the agent when the car was due and told the agent he had been laid off. In response to the demand to return the car he testified he said, "Well, you know I'm good with you; I have been paying you. So, I'd like to just keep it, you know, because I need it to get around. I'll pay you back. Well I didn't take it back at the end of the month; I kept it for several reasons—for one, because I needed the transportation."

Gonzales also testified his mother had reported to him the agent's telephone call.

The defendant's testimony taken together with the State's case was held sufficient to support the conviction. These facts distinguish the case from the instant one.

**660**  ▬  ▬▬▬▬▬▬▬▬▬▬

In Harold v. State, 165 Tex.Cr.R. 78, 303 S.W.2d 794 (1957), the defendant borrowed an automobile in Big Spring to pick up some girls. Nearly three weeks later the car was discovered abandoned in Taft, San Patricio County, near where the appellant was arrested. The car had been driven three thousand miles. Further, the tires from the borrowed car had been placed on an automobile registered in the name of the defendant's wife, and the battery had been pawned at a filling station by the defendant. Harold admitted in his testimony that he had driven the car to San Patricio County and taken the items from the car. He claimed he was drunk the night he borrowed the car and had tried once to get in touch with the owner before he left Big Spring. The conviction was upheld, but again the facts are far different than those in the instant case. See also Barber v. State, 462 S.W.2d 33 (Tex.Cr.App.1971).

We are also of the opinion that facts here are distinguishable from those in Mason v. State, 171 Tex.Cr.R. 217, 346 S.W. 2d 848 (1961), involving the attempted purchase of a used car upon which the State relies.

In light of the facts of the instant case, we conclude the evidence is insufficient to sustain the conviction. Therefore, the judgment is reversed and the cause remanded.

MORRISON, Judge (dissenting).

This appellant rented an automobile agreeing to drive the same fifty miles per day and agreeing to return it on a day certain. He did not return it when he agreed to do so, he drove it 4,672 miles, he did not pay for the use of the automobile, and he made no explanation to the owner for his failure to return the automobile in compliance with the contract. This is certainly some evidence of intent to convert.

I vigorously dissent to the majority opinion which says the evidence is insufficient to support the conviction.