IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-122-CR





YONG S. McCOLLUM,



 APPELLANT


vs.




THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 5, TRAVIS COUNTY, 


NO. 330-452, HONORABLE WILFRED AGUILAR, JUDGE



 




PER CURIAM

 Appellant was charged by information with the offense of prostitution. Tex. Pen.
Code Ann. § 43.02 (1989). She entered a plea of not guilty. The jury returned a guilty verdict
and the court assessed punishment at ten days' confinement and a $1000.00 fine.



I. VENUE



 In her first point of error, appellant contends the evidence is insufficient to establish
that the alleged offense took place in Travis County, Texas. The State concedes that the only
venue evidence that the jury heard consisted of officer Richard Blackmoor's testimony that:  (1) he
was a vice investigator for the Austin police department; (2) his duties extended citywide; and (3)
on the date of the offense in question, he went to the Japanese Geisha House located at 9401 South
IH-35. Nevertheless, the State argues the venue evidence is sufficient because:  (1) appellant
waived error; (2) any rational trier of fact reasonably could have found on the evidence that the
offense took place in Travis County; and (3) the court may judicially notice the easily
ascertainable fact of venue in this case. We need only address the first of the State's contentions.

 A plea of not guilty puts in issue the allegations of venue and the State must prove
such allegations or a conviction will not be warranted. It is unnecessary for the defendant to put
venue in issue by either special plea or negation of the allegation; venue must be proved as
alleged. Black v. State, 645 S.W.2d 789, 790 (Tex. Cr. App. 1983). However, the defendant has
the burden of objecting to the prosecution's failure to prove venue. If the defendant does not
properly raise the issue before the verdict, it is presumed venue was proved in the trial court,
unless the record affirmatively negates whatever proof the State gave on the matter of venue. 
Tex. R. App. P. Ann. 80(d) (Pamph. 1991); Holdridge v. State, 707 S.W.2d 18, 21-22 (Tex. Cr.
App. 1985); Vasquez v. State, 491 S.W.2d 173, 175 (Tex. Cr. App. 1973). In criminal cases
venue is not an element of an offense and need only be proven by a preponderance of the
evidence. Proof of venue may be demonstrated by either direct or circumstantial evidence. 
Black, 645 S.W.2d at 790; Edwards v. State, 427 S.W.2d 629, 636 (Tex. Cr. App. 1968)
(opinion on rehearing). 

 Blackmoor testified before the jury to the venue facts recited above. Then, outside
the presence of the jury, he responded to additional venue related questions. Appellant challenged
the admissibility of this latter testimony, lodging the following objection: "I want to object to his
testimony being in Travis County that it is not admissible under 701, that he does not have
personal knowledge of it. . . . What I'm objecting to is the means of the State's attempting to
establish location in Travis County." The court overruled the objection and the jury returned to
the courtroom. Despite the court's ruling, the State elicited no further testimony related to venue
during the remainder of the trial.

 After both sides rested, appellant moved for an instructed verdict as follows:



 We are moving for an instructed verdict based on the testimony heard by the Court
as well as by the jury members. Our contention, of course, is that all the elements
of the offense have certainly not been established; that it has not been established
that here was any agreement for, quote, contact between the genitals of R.
Blackmoor and the mouth of Yong McCollum for a fee, that being not only a
necessary element, but the quintessential element of this offense. We are moving
for an instructed verdict based on an insufficiency, our position being there's an
insufficiency of evidence to support a verdict of guilty or a judgment of guilty.



In his motion for instructed verdict, appellant did not raise the State's alleged failure to prove
venue in Travis County. Compare with Holdridge, 707 S.W.2d at 20 (motion for instructed
verdict on grounds statute must be strictly construed on complaining witness' failure to state
accused offered sexual intercourse for a fee insufficient to satisfy offer element held insufficient
to place venue in issue); Etchieson v. State, 574 S.W.2d 753, 759 (Tex. Cr. App. 1978) (opinion
on rehearing), cert. denied, 440 U.S. 936 (1979); Bass v. State, 464 S.W.2d 668, 669 (Tex. Cr.
App. 1971) (motion for instructed verdict alleging State failed to prove jurisdiction insufficient
to raise venue issue). Appellant did not move for an acquittal or otherwise bring the matter to the
court's attention. Nor does the record affirmatively negate the State's venue evidence. (1)

 Appellant's earlier objection to the admissibility of the State's venue evidence did
not apprise the trial court of his contention that the evidence was insufficient to prove venue. 
Appellant first raised the venue issue in her motion for new trial. The record does not
affirmatively reflect improper venue, this Court will presume that venue was proven. Gonzales
v. State, 486 S.W.2d 380, 381 (Tex. Cr. App. 1972). Appellant's first point of error is
overruled.



II. SUFFICIENCY OF THE EVIDENCE



 In her second point of error, appellant challenges the sufficiency of the evidence
to support her conviction. Specifically, she argues the evidence fails to establish that she offered
or agreed to contact between her mouth and Blackmoor's genitals.

A. Standard of Review


 The critical inquiry on review of the sufficiency of the evidence to support a
criminal conviction is whether the record evidence could reasonably support a finding of guilt
beyond a reasonable doubt. This Court does not ask whether it believes that the evidence at trial
established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Cr. App. 1981). 

B. The Evidence Most Favorable to the Prosecution


 Upon entering the Japanese Geisha House, Blackmoor was greeted by two females,
one of whom was appellant. Blackmoor requested a massage session. He was taken to a private
room by appellant. The room was furnished with a bed, sofa and table. Blackmoor purchased
a thirty-minute session for sixty dollars, which he paid directly to appellant. Appellant told
Blackmoor to make himself comfortable and she left the room for a few minutes. Blackmoor
disrobed and lay on his stomach on the bed. Appellant returned wearing a "revealing" black
negligee. She massaged Blackmoor's shoulders, buttocks, thighs and legs with powder for
approximately twenty-five minutes. Blackmoor repeatedly asked if he could get anything else for
his sixty dollars. In response, appellant asked him several times if he was a "cop," at one point
telling him he "smelled like a cop." Blackmoor told her he worked for IBM. 

 Appellant encouraged Blackmoor to buy more time. Blackmoor told appellant he
wanted to purchase a "blow job." (2) She told him to buy more time. Blackmoor gave her fifty
dollars. Appellant requested Blackmoor's car keys and driver's license for the purpose of proving
whether or not he was a police officer. He gave her the requested items and she left the room. 
When she returned, Blackmoor was sitting on the bed. Appellant walked toward him, pulled
down the straps of her negligee and exposed her breasts. She told Blackmoor to touch them. He
complied. Blackmoor then asked her if he could get a blow job from her and if he would have
to pay more for that. Appellant responded that he had paid enough and did not need to pay
anything else. Appellant then asked Blackmoor to place her hand on his genitals. He again
complied. Appellant next requested that Blackmoor lie on his back on the bed, which he did. 
Blackmoor testified that appellant then walked over to a nearby table, picked up a condom,
unwrapped it and came back over to Blackmoor. She attempted to place the condom on
Blackmoor's penis. At this point, Blackmoor advised appellant that he was a police officer and
placed her under arrest.



C. Discussion and Holding



 Appellant argues she never "offered" oral sex for a fee, and never made any overt
movement toward oral sex. She further argues that her conduct was consistent with sexual
conduct other than agreeing to engage in oral sex for a fee and, this created a reasonable doubt
as to her guilt.

 Questions regarding the sufficiency of the evidence must be resolved in light of the
charge which is given. Polk v. State, 749 S.W.2d 813, 815 (Tex. Cr. App. 1988). The relevant
portion of the charge recites:



 [I]f you believe from the evidence beyond a reasonable doubt, that the defendant,
Yong McCollum, on or about the 8th day of March, 1989, in the County of
Travis, State of Texas, did then and there knowingly offer or knowingly agree to
engage in sexual conduct for a fee, to-wit: that the said Yong McCollum offered
or agreed to have deviate sexual intercourse, that is contact between the genitals
of R. Blackmore [sic] and the mouth of Yong McCollum for a fee, you will find
the defendant guilty of the offense of prostitution and so say by your verdict. (3)



 We believe a rational trier of fact could conclude beyond a reasonable doubt that
appellant's conduct evidenced an agreement to engage in the sexual conduct specified in the charge
for a fee. After Blackmoor requested a "blow job" and paid appellant an additional fifty dollars,
appellant exposed her breasts and requested that he touch them. Blackmoor complied. When he
asked if he could get a "blow job" from her and how much more he would have to pay for it, she
responded that he had paid enough. See Young Sun Lee v. State, 681 S.W.2d 656, 661 (Tex.
App. 1984, pet. ref'd) (statement by appellant that "this is covered in the other money you gave"
held sufficient to show she offered or agreed to sexual conduct for a fee). Blackmoor testified that
he regarded appellant's attempt to place the condom on his penis as "an overt movement leading
to the act" [oral sex]. He further testified that the condom was used to "prevent the transmission
of diseases." This statement is not inconsistent with a finding that appellant's conduct was
preliminary to an oral sex act. Finally, the foregoing notwithstanding, an overt act is not a
required element of the offense. See Mattias v. State, 731 S.W.2d 936, 937 (Tex. Cr. App.
1987), cert. denied, 109 S.C. 86 (1988). Appellant's second point of error is overruled.

 The judgment of conviction is affirmed.



[Before Chief Justice Carroll, Justices Jones and B. A. Smith]

Affirmed

Filed:  August 30, 1991

[Do Not Publish]
1. At best, the State's evidence is ambiguous. That is, it does not affirmatively show that 9401
S. IH-35 is, or is not, in Travis County. Under the facts in this case, such ambiquity is resolved
in favor of the State. Holdridge, 707 S.W.2d at 22.
2. Blackmoor testified that the term "blow job" is a street term for oral sex. Specifically, he
was trying to get appellant to place her mouth on his genitals.
3. The language in the charge tracks that of the statute: A person commits an offense if he
knowingly offers to engage, agrees to engage, or engages in sexual conduct for a fee. Tex. Pen.
Code Ann. § 43.02(a)(1) (1989).